DORRIAN, COLUMBUS CITY TREASURER, ET AL., APPELLANTS, *v.* SCIOTO CONSERVANCY DISTRICT, APPELLEE

(No. 70-487—Decided July 7, 1971.)

104

*Mr. John C. Young,* city attorney, *Mr. William J. Melvin* and *Mr. Thomas A. Bustin,* for appellant.

*Messrs. Caren, Lane, Huggard, Alton & Horst* and *Mr. William M. Lane,* for appellee.

COOK, J. The sole question presented by this appeal is whether the Scioto Conservancy District is mandated by R. C. 6101.45 and 6101.46 to levy preliminary assessments based upon the benefits determined by the court as provided by R. C. 6101.08 to satisfy its obligation to the city of Columbus. The answer is "no."

The pertinent part of R. C. 6101.45 reads as follows:

"After the filing of a petition for the organization of a conservancy district and before the district is organized, the cost of publication and other official costs of the proceedings *shall* be paid out of the general funds of the county in which the petition is pending. Such payment *shall* be made on the warrant of the county auditor or on the order of the court. If the district is organized, such costs *shall* be repaid to the county out of the first funds received by the district through levying of assessments or selling of bonds, or the borrowing of money. If the district is not organized, the cost *shall* be collected from the petitioners or their bondsmen. Upon the organization of the district, the court *shall* make an order indicating a preliminary division of the preliminary expenses between the counties included in the district in approximately the proportions of interest of the various counties as estimated by said court. The court *shall* issue an order to the auditor of each county to issue his warrant upon the county treasurer of his county to reimburse the county having paid the total cost.

"As soon as any district has been organized, and a board of directors of the conservancy district has been appointed and qualified, such board *may* levy upon the property within the district in each of not more than two years a preliminary assessment based upon the benefit determined by the court as provided by Section 6101.08 of

the Revised Code, but not to exceed three tenths of a mill on the assessed valuation thereof to be used for the purpose of paying expenses of organization, for surveys and plans, appraisals, estimates of cost, land options, and for other incidental expenses which may be necessary up to the time money is received from the sale of bonds or otherwise. This assessment *shall* be certified to the auditors of the various counties and by them to the respective treasurers of their counties. *If such items of expense have already been paid in whole or in part from other sources, they may be repaid from the receipts of such levy, and such levy may be made although the work proposed may have been found impracticable or for other reasons is abandoned.* The collection of such assessment *shall* conform in all matters to the sections of the Revised Code governing the collection of assessments levied by local political subdivisions, and the sections of the Revised Code concerning the nonpayment of assessments levied by local political subdivisions *shall* apply. *The board may borrow money in any manner provided for in Sections 6101.01 to 6101.84, inclusive, of the Revised Code, and may pledge the receipts from such assessments for its repayment, the information collected by the necessary surveys, the appraisal of benefits and damages, and other information and data being of real value and constituting benefits for which said assessment may be levied.* In case a district is disbanded for any cause before the work is constructed, the data, plans, and estimates which have been secured *shall* be filed with the clerk of the court before which the district was organized and shall be matters of public record available to any person interested. * * * '' (Emphasis supplied.)

The pertinent part of R. C. 6101.46 reads as follows:

''In order to facilitate the preliminary work, the board of directors of a conservancy district *may* borrow money and issue notes therefore at a rate or rates of interest not exceeding eight per cent per annum in an amount not greater than seventy-five per cent of the unencumbered proceeds derived or derivable from the preliminary assess-

ment levied, or which the board has authority to levy, under Section 6101.45 of the Revised Code, *which assessment shall be pledged for the repayment thereof if and when levied.* If no preliminary assessment is levied or the proceeds of the assessment levied are found insufficient to pay the interest and retire the notes issued, the same *may* be paid from the improvement fund. \* \* \* '' (Emphasis supplied.)

It is the contention of the appellant that the word ''may,'' as used in R. C. 6101.45 and 6101.46, is mandatory in nature and that the Court of Appeals erred in interpreting that word in those sections as being permissive.

The character of a statute, as mandatory or permissive, is commonly determined by the manner in which particular terms used therein are construed.

In determining whether a statute is mandatory or permissive, it is often necessary, as in this case, to trace its use of the terms ''may'' and ''shall.''

The statutory use of the word ''may'' is generally construed to make the provision in which it is contained optional, permissive, or discretionary (*Dennison* v. *Dennison* [1956], 165 Ohio St. 146), at least where there is nothing in the language or in the sense or policy of the provision to require an unusual interpretation (*State, ex rel. John Tague Post,* v. *Klinger* [1926], 114 Ohio St. 212).

The word ''shall'' is usually interpreted to make the provision in which it is contained mandatory (*Dennison* v. *Dennison, supra*), especially if frequently repeated (*Cleveland Ry. Co.* v. *Brescia* [1919], 100 Ohio St. 267).

Ordinarily, the words ''shall'' and ''may,'' when used in statutes, are not used interchangeably or synonymously. *State, ex rel. Wendling Bros. Co.,* v. *Board of Edn.* (1933), 127 Ohio St. 336.

However, in order to serve the basic aim of construction of a statute—to arrive at and give effect to the intent of the General Assembly—it is sometimes necessary to give to the words ''may'' and ''shall'' as used in a statute, meanings different from those given them in ordinary

usage (*State* v. *Budd* [1901], 65 Ohio St. 1; *State, ex rel. Myers,* v. *Board of Edn.* [1917], 95 Ohio St. 367), and one may be construed to have the meaning of the other (*State* v. *Budd, supra; State, ex rel. Myers,* v. *Board of Edn., supra; Gallman* v. *Board of County Commrs.* [1953], 159 Ohio St. 253).

But when this construction is necessary, the intention of the General Assembly that they shall be so construed must clearly appear (*General Electric Co.* v. *International Union* [1952], 93 Ohio App. 139), from a general view of the statute under consideration (*State* v. *Budd, supra; State, ex rel. Myers,* v. *Board of Edn., supra*), as where the manifest sense and intent of the statute require the one to be substituted for the other (*State, ex rel. Mitman,* v. *Greene County* [1916], 94 Ohio St. 296; *State, ex rel. Methodist Children's Home,* v. *Board of Edn.* [1922], 105 Ohio St. 438).

As Judge Stewart of this court said in *Dennison* v. *Dennison, supra:* "Although it is true that in some instances the word, 'may,' must be construed to mean 'shall,' and 'shall' must be construed to mean 'may,' in such cases the intention that they shall be so construed must clearly appear. Ordinarily, the word 'shall' is a mandatory one, whereas 'may' denotes the granting of discretion."

The wording of R. C. 6101.45 and 6101.46 reveals no clear intent of the General Assembly that the word "may," as contained therein, be construed as mandatory rather than permissive, its usual statutory meaning.

On the contrary, the use of the word "shall" in R. C. 6101.45 to describe how expenses of a conservancy district prior to organization are to be met, and the use of the word "may" in the same section to describe how expenses of a conservancy district after organization are to be met, clearly reflect a legislative intent that the two words be given their usual statutory construction.

In addition, R. C. 6101.46, in speaking of the pledging of the assessments for the borrowing of money and issuance of notes, states: "* * * which assessment shall be

pledged for the repayment thereof *if and when levied.* If no preliminary assessment is levied or the proceeds of the assessment levied are found insufficient to pay the interest and retire the notes issued, the same may be paid from the improvement fund.'' (Emphasis supplied.)

Accordingly, we are of the opinion that the power of the board of directors of a conservancy district to levy an assessment according to the benefits determined pursuant to R. C. 6101.08 and the power of the same board of directors to borrow money in behalf of the district and to issue notes therefor are permissive or discretionary in nature.

The obligation of the Scioto Conservancy District to the city of Columbus is clear, but the source of funds to satisfy said obligation is discretionary with the board of directors of the conservancy district.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, DUNCAN and LEACH, JJ., concur.

SCHNEIDER and CORRIGAN, JJ., dissent.

COOK, J., of the Eleventh Appellate District, sitting for STERN, J.

LEACH, J., concurring. Although I am in full agreement with the opinion of Judge Cook herein, I feel it desirable to add a few additional comments.

It is admitted in this case that no one on behalf of the city of Columbus ever demanded, or even specifically requested, that the Scioto Conservancy District levy the assessment in question. The petition filed by plaintiff in the Common Pleas Court sought a declaratory judgment as to several questions, the principal one being ''whether defendant is required to levy the assessment in anticipation of which the note was issued.''

The posture of this case, as presented, basically involves the determination of whether the word "may" in R. C. 6101.45 and 6101.46, as to the levy of an assesment, is mandatory as a matter of law; *i. e.*, whether the word "may" in the statutes should be interpreted as "shall" in all cases where a conservancy district has failed to repay a loan obtained for preliminary work, regardless of whether valid reasons may exist to make such a levy impractical, if not impossible, and even regardless of the desires or best interests of the parties there involved.

In such context, I believe it apparent that the statutes authorizing a levy of an assessment on the benefitted real estate are discretionary and not mandatory.

This does not mean, however, that a board of directors of a conservancy district possesses an *absolute* discretion, regardless of proof of abuse thereof, to arbitrarily refuse to levy such an assessment. *Discretion* is always subject to *abuse*, and if there be proof of abuse, such discretion can be controlled and directed by an action in mandamus. This court has so held or stated on many occasions. See cases cited in 35 Ohio Jurisprudence 2d 271. In this action in *declaratory judgment*, no such abuse of discretion was either alleged or proved.

O'NEILL, C. J., HERBERT, DUNCAN and COOK, JJ., concur in the foregoing concurring opinion.

SCHNEIDER, J., dissenting. As I see it, the word "may" in the statutes refers to an option as to the manner of payment. I can see no discretion as to whether or not the debt incurred shall be paid.

CORRIGAN, J., concurs in the foregoing dissenting opinion.