JOURNAL ENTRY AND OPINION
Defendant-appellant Chris Mastroianni ("appellant") appeals from the order of the trial court denying his motion for order of possession of property. For the reasons adduced below, we affirm the judgment of the trial court.
The underlying case arises from alleged campaign improprieties by the former Cleveland Clerk of Courts Benny Bonnano, members of Bonnano's staff, and the campaign committee known as the "Friends of Benny Bonnano". Appellant was employed as the personnel director of the clerk's office under Bonnano. An investigation by law enforcement authorities implicated appellant as part of a large pattern of public corruption.
On November 14, 1995, plaintiff-appellee State of Ohio ("the state") charged appellant by way of information with one count of theft in violation of R.C. 2913.02, twelve counts of falsification in violation of R.C. 2921.13, and one count of coercion in violation of R.C. 2905.12. On October 2, 1995, appellant entered into a plea agreement with the state. Pursuant to the plea agreement, appellant entered a plea of guilty to three counts of falsification.
The plea agreement also required appellant to cooperate with the state. The agreement defined cooperation to include "* * * producing all records, documents, tapes and any and all physical evidence." As part of his plea agreement, appellant voluntarily relinquished to the state various books, computer records, audio cassettes, and other documents and records.
On May 21, 1998, appellant filed a motion for order of possession of property pursuant to R.C. 2737.03 and R.C. 2933.41. On June 2, 1998, the state filed a brief in opposition to appellant's motion. On June 29, 1998, the trial court conducted a hearing on appellant's request. In a journal entry filed on August 11, 1998, the trial court denied appellant's motion for order of possession. Therefrom, appellant filed the instant appeal.
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR ORDER OF POSSESSION.
In his sole assignment of error, appellant claims that the trial court erred in denying his motion for order of possession of property. Appellant cited R.C. 2937.03 in support of his motion. R.C. 2937.03 states:
Motion and affidavit for order of possession of property.
 Any party to an action involving a claim for the recovery of specific personal property, upon or at any time after commencement of the action, may apply to the court by written motion for an order of possession of the property. The motion shall have attached to it the affidavit of the movant, his agent, or his attorney containing all of the following:
 (A) A description of the specific personal property claimed and the approximate value of each item or category of property claimed;
 (B) The specific interest of the movant in the property and, if the interest is based upon a written instrument, a copy of that instrument;
 (C) The manner in which the respondent came into possession of the property, the reason that the detention is wrongful and, to the best of the knowledge of the movant, the reason, if any, that the respondent may claim the detention is not wrongful;
 (D) The use to which the respondent has put the property, as determined by the movant after such investigation as is reasonable in the circumstances;
 (E) The extent, if any, to which the movant is or will be damaged by the respondent's detention of the property;
 (F) To the best of the movant's knowledge, the location of the property;
 (G) That the property was not taken for a tax, assessment, or fine pursuant to statute, or seized under execution of judgment against the property of the movant or, if so seized, that it is statutorily exempt from seizure.
(Emphasis added.)
The legislature used the word "shall" in establishing the requirement that a motion for order of possession of property be supported by an affidavit. "In statutory construction, the word `may' shall be construed as permissive and the word `shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage." Dorrian v. Scioto ConservancyDist. (1971), 27 Ohio St.2d 102, paragraph one of the syllabus. In the instant case, appellant failed to support his motion for order of possession of property with the required affidavit. Therefore, the trial court did not err in denying appellant's motion under R.C. 2737.03.
Appellant also relied upon R.C. 2933.41 to support his motion for order of possession of property. R.C. 2933.41(A)(1) provides that, other than certain enumerated exceptions, "[a]ny property * * * that has been lost, abandoned, stolen, seized pursuant to asearch warrant, or otherwise lawfully seized or forfeited, and that is in the custody of a law enforcement agency shall be kept safely pending the time it no longer is needed as evidence and shall be disposed of pursuant to this section." (Emphasis added.) Appellant does not assert that the disputed property was "lost, abandoned, stolen, [or] seized pursuant to a search warrant." The record also indicates that the subject property was not "seized or forfeited" pursuant to R.C. 2933.43. Instead, the property was voluntarily relinquished as part of appellant's plea agreement. We find that R.C. 2933.41 does not apply under these circumstances.
Based upon the foregoing, we find that the trial court did not err in denying appellant's motion for order of possession of property. Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKT. P.J. and JAMES M. PORTER. J. CONCUR.
 ___________________________ LEO M. SPELLACY, JUDGE.