OPINION
Sarah Chambers appeals the August 17, 2000 Judgment Entry of the Tuscarawas County Court of Common Pleas, Juvenile Division, which found her son Jacob Chambers to be a dependent child. Appellee/cross-appellant Tuscarawas County Job and Family Services nka Tuscarawas County Department of Human Services (hereinafter "TCJFS") appeals the portion of the August 17, 2000 Judgment Entry in which the trial court found the child was not neglected.
 STATEMENT OF THE FACTS AND CASE
On February 7, 2000, the TCJFS filed a complaint in the Tuscarawas County Court of Common Pleas, Juvenile Division, alleging Jacob Chambers to be a neglected and dependent child. On March 28, 2000, and on March 30, 2000, a magistrate conducted a hearing on the complaint. In an April 12, 2000 Decision, the magistrate found the child to be both neglected and dependent. On May 1, 2000, appellant filed a motion to dismiss the complaint due to the untimeliness of the dispositional hearing pursuant to R.C. 2151.35(B). The magistrate overruled appellant's motion to dismiss and conducted a dispositional hearing on May 3, 2000. In an August 17, 2000 Judgment Entry, the trial court found Jacob to be a dependent child, and overruled appellant's motion to dismiss pursuant to R.C. 2151.35(B). It is from that judgment entry appellant prosecutes this appeal, assigning the following as error:
 I. THE EVIDENCE AT TRIAL WAS INSUFFICIENT TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT JACOB CHAMBERS IS A "DEPENDENT CHILD" AS DEFINED BY O.R.C. 2151.04(C).
 II. THE TRIAL COURT ERRED, AS A MATTER OF LAW, WHEN IT DECLINED TO DISMISS THE COMPLAINT FOR VIOLATION OF THE TIME CONSTRAINTS MANDATED BY O.R.C. 2151.35(B)(1).
The August 17, 2000 Judgment Entry also ruled on appellant's objections to the magistrate's decision. Specifically, the trial court modified that portion of the magistrate's decision which found the child was neglected. It is from that portion of the August 17, 2000 Judgment Entry TCJFS appeals, assigning the following error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO FIND JACOB CHAMBERS TO BE [SIC] NEGLECTED CHILD WITHIN THE DEFINITIONS SET FORTH THE OHIO REVISED CODE SECTION 2151.03. THE TRIAL COURT'S DECISION TO SUSTAIN THE OBJECTION OF SARAH CHAMBERS TO THE RECOMMENDATION OF THE MAGISTRATE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II
In appellant's second assignment of error, she maintains the trial court erred as a matter of law when it declined to dismiss the complaint as violative of the thirty-day time constraint mandated by R.C.2151.35(B)(1). We agree. R.C. 2151.35(B)(1) states: (B)(1) If the court at an adjudicatory hearing determines that a child is an abused, neglected, or dependent child, the court shall not issue a dispositional order until after the court holds a separate dispositional hearing. * * * The dispositional hearing may not be held more than thirty days after the adjudicatory hearing is held. The court, upon the request of any party or the guardian ad litem of the child, may continue a dispositional hearing for a reasonable time not to exceed the time limits set forth in this division to enable a party to obtain or consult counsel. The dispositional hearing shall not be held more than ninety days after the date on which the complaint in the case was filed.
If the dispositional hearing is not held within the period of time required by this division, the court, on its own motion or the motion of any party or the guardian ad litem of the child, shall dismiss the complaint without prejudice. (Emphasis added.)
TCJFS does not dispute that the dispositional hearing was held more than thirty days after the adjudicatory hearing. However, TCJFS argues the statute is directory rather than mandatory. TCJFS contends there is a clear distinction between the language employed in the ninety-day statutory requirement (time between the filing of the complaint and the dispositional hearing) and the thirty-day statutory requirement (time between the adjudicatory hearing and the dispositional hearing). TCJFS argues the language "may not," which was used in the sentence addressing the thirty-day requirement, compels a different result than the "shall not" language used in the ninety-day requirement. TCJFS maintains the "may not" language is directory rather than mandatory. As such, TCJFS contends the trial court was free to set a dispositional hearing outside of the time frame established in the statute. As a general rule, where a statute contains the word "shall," the provision will be construed as mandatory. Dorrian v. Scioto Conservancy Dist. (1971), 27 Ohio St.2d 102, 56 O.O.2d 58, 271 N.E.2d 834, paragraph one of the syllabus. "A mandatory statute may be defined as one where noncompliance * * * will render the proceedings to which it relates illegal and void." See State ex rel. Jones v. Farrar (1946), 146 Ohio St. 467, 471-472, 32 O.O. 542, 544,66 N.E.2d 531, 534. However, there are exceptions to the general rule. In In re: Davis (1999), 84 Ohio St.3d 520, a divided Ohio Supreme Court addressed issues of directory versus mandatory language surrounding the seven-day time limit set forth in R.C. 2151.35(B)(3). That statutory section provides: (3) After the conclusion of the dispositional hearing, the court shall enter an appropriate judgment within seven days * * * (Emphasis added).
The majority concluded the above-quoted language was directory, not mandatory and the trial court's failure to comply with the language did not deprive the court of jurisdiction. Id. at syllabus. Justice Cook wrote the majority opinion and was joined by Justices Sweeney, and Lundberg Stratton. The majority reasoned: * * * [E]ven with "shall" as the operative verb, a statutory time provision may be directory. "As a general rule, a statute which provides a time for the performance of an official duty will be construed as directory so far as time for performance is concerned, especially where the statute fixes the time simply for convenience or orderly procedure." This is so "unless the nature of the act to be performed or the phraseology of the statute or of other statutes relating to the same subject-matter is such that the designation of time must be considered a limitation upon the power of the officer."
The statute reviewed here fits the general * * * rule for construing that statute as directory; it is a time restriction on the performance of an official duty. And, the language and purpose of the provision do not trigger the * * * exception to this general rule because R.C. 2151.35
does not include any expression of intent to restrict the jurisdiction of the court for untimeliness. (Emphasis added). (Citations omitted). Id. at 522.
Justice Moyer and Justice Pfiefer dissented from the majority opinion finding the plain words of the statute required dismissal. The dissenters reasoned: The command of R.C. 2151.35(B)(3) is that the court shall enter an appropriate judgment within seven days after the conclusion of the dispositional hearing. The plain words of the statute are not qualified by a "clear and unequivocal legislative intent" that the word "shall" is anything other than a mandatory requirement of the statute. Indeed, an examination of the entire statute leads only to the conclusion that a mandatory construction is intended. Id. at 527.
The dissenters then addressed the portion of the statute at issue in the matter sub judice: However, R.C. 2151.35(B)(1), which sets the time limits within which the dispositional hearing must be conducted, states that "[i]f the dispositional hearing is not held within the period of time required * * *," the court is required, upon its own motion or the motion of any party or guardian ad litem, to "dismiss the complaint without prejudice." Dismissal without prejudice allows a party to resubmit its complaint. The General Assembly found it appropriate to provide for a dismissal without prejudice in order to balance the parents' rights and interests with the child's interests.
In providing for a timely hearing in the trial court, the General Assembly has recognized that a delay between the hearing and the judgment may prejudice the parties, yet by providing for dismissal without prejudice, it has reaffirmed that a well-founded complaint should have the opportunity to be judged on its merits. Surely, the same rationale is applicable to the mandatory requirements of R.C. 2151.35(B)(3), especially in view of the basic tenet that "disposition of cases on their merits is favored in the law." Jones v. Hartranft (1997), 78 Ohio St.3d 368, 371,678 N.E.2d 530, 534. Id. at 527-528.
Unlike the provision reviewed in Davis, R.C. 2151.35(B)(1) does include language demonstrating the nature of the act to be performed is such that the designation of time must be considered a limitation upon the power of the officer. Because R.C. 2151.35(B)(1) specifically includes language requiring the trial court to dismiss the complaint without prejudice, we find the thirty-day time limit set forth in this provision was mandatory. TCJFS contends the only mandatory provision in R.C.2151.35(B)(1) is the one requiring a dispositional hearing to be held within ninety days of the filing of the complaint. In support of this proposition, TCJFS cites In re: Rodgers (Nov. 30, 1990), Lucas App. No. L-90-115, 90-LW-3670, unreported. In Rodgers, the Sixth District Court of Appeals found 2151.35(B)(1) did not mandate a dismissal of the complaint for permanent custody where a dispositional hearing was held more than thirty days after the adjudicatory hearing but less than ninety days after the filing of the complaint. Id. at 2. Notwithstanding the language of the statute, the Sixth District found the General Assembly did not intend a mandatory dismissal of such cases where the parties failed to object. Id. We find the Rodgers case factually distinguishable from the matter sub judice, because appellant herein filed a timely motion to dismiss in advance of the dispositional hearing. Notwithstanding the factual differences, we would find the language of the statute is mandatory and cannot be waived by a party's failure to object. This position is a natural extension of our previous holdings in In the matter of: Taeovonni (Jun. 15, 1995), Tuscarawas App. No. 94AP080054, and 94AP080058, unreported; and In the matter of: Grimm (Dec. 16, 1993), Tuscarawas App. No. CA-93-AP-060042, unreported. In each of these cases, this Court found the language of R.C. 2151.35(B)(1) to be mandatory: As stated in Taeovonni we concluded the [ninety-day] time requirement could not be waived by failing to move to dismiss, because in such instance, the statute requires the court to dismiss the complaint without prejudice on its own motion. Grimm at 1.
We find nothing in R.C. 2151.35(B)(1) to indicate the thirty-day time provision is not mandatory. We are unpersuaded by TCJFS's argument the use of the term "may not" as opposed to "shall not" connotes an intent to give the court discretion. While the word "may" generally implies discretion to do an act, we find no distinction between "may not" and "shall not" when the General Assembly uses the language to prohibit actions. For these reasons, we find the trial court erred in failing to dismiss the complaint pursuant to the mandatory provisions of R.C.2151.35(B)(1). Appellant's second assignment of error is sustained.
 I and Cross-Appeal I
In light of our disposition of appellant's second assignment of error, we find appellant's first assignment of error, and TCJFS's cross-appeal are moot. The August 17, 2000 Judgment Entry of the Tuscarawas County Court of Common Pleas, Juvenile Division, is reversed.
 _________________ Hoffman, J.
Gwin, P.J. and Wise, J. concur