This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the State of Ohio ("the State"), appeals the decision of the Medina County Court of Common Pleas, which denied its petition for forfeiture. We reverse.
The Medina County Grand Jury indicted Defendant, David M. Slayton, for trafficking in drugs, in violation of R.C. 2925.03(A) and (C)(2)(a), and conspiracy to commit trafficking in cocaine, in violation of R.C.2925.03(A) and (C)(4)(d) and R.C. 2923.01(A)(1) and (B). The State subsequently filed a petition for forfeiture of Defendant's motorcycle which had been seized as contraband with regard to the conspiracy charge. On January 29, 2001, the trial court convicted Defendant of both charges and scheduled the sentencing and forfeiture hearings for March 2, 2001. The sentencing hearing took place on March 12, 2001, at which time the trial court continued the forfeiture hearing and sentenced Defendant accordingly.
On March 16, 2001, Defendant moved the court to dismiss the forfeiture petition, arguing that the statutory forty-five day time limit mandated by R.C. 2933.43(C) had expired. The trial court denied the State's petition for forfeiture without holding a hearing. The State timely appealed raising one assignment of error for review.
ASSIGNMENT OF ERROR
 The trial court erred by dismissing the State's petition for forfeiture pursuant to [Defendant's] motion, where (1) the 45-day time period under R.C. 2933.43(C) for holding the forfeiture hearing following conviction had not yet expired, and (2) the time for holding that forfeiture hearing had already been extended by the trial court when it granted the State's motion to continue for good cause shown.
In its assignment of error, the State contends that the trial court erred in dismissing its petition for forfeiture on the following grounds: (1) the 45-day time period, pursuant to R.C. 2933.43(C), had not yet expired; and (2) the court had previously granted the State's motion to continue the forfeiture hearing. We do not address the State's arguments because we find that the trial court failed to hold a hearing, as required by R.C. 2933.43(C), before denying the State's forfeiture petition.
R.C. 2933.43(C) provides:
* * *
 If the property seized was determined by the seizing law enforcement officer to be contraband because of its relationship to an underlying criminal offense or administrative violation, no forfeiture hearing shall be held under this section unless the person pleads guilty to or is convicted of the commission of, or an attempt or conspiracy to commit, the offense or a different offense arising out of the same facts and circumstances or unless the person admits or is adjudicated to have committed the administrative violation or a different violation arising out of the same facts and circumstances[.]
The statutory section then provides, in relevant part:
 [A] forfeiture hearing shall be held in a case of that nature or no later than forty-five days after the conviction or the admission or adjudication of the violation, unless the time for the hearing is extended by the court for good cause shown.
(Emphasis added).
The general rule of statutory construction provides that the word "shall" should be construed as "mandatory." Dorrian v. Scioto Conserv.Dist. (1971), 27 Ohio St.2d 102, 107. Therefore, pursuant to R.C.2933.43(C), it is mandatory that the trial court hold "a forfeiture hearing prior to granting [or denying] the state's motion for forfeiture." State v. Grundy (Dec. 9, 1998), Summit App. No. 19016, unreported, at 15.
Contrary to the State's contention, the trial court in this case did not dismiss the petition for forfeiture due to the expiration of the statutory time period. Rather, the trial court's judgment entry indicates that it denied the forfeiture petition without explanation and without holding a hearing. Accordingly, in light of the mandatory requirements of R.C. 2933.43(C), the trial court erred in denying the forfeiture petition without holding the required forfeiture hearing. The State's assignment of error is sustained.
The State's sole assignment of error is sustained. The judgment of the Medina County Court of Common Pleas is reversed and the cause is remanded for proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
BATCHELDER, P.J. and WHITMORE, J. concur.