OPINION
{¶ 1} Appellant, Laura Kheirkhah, appeals the judgment entered by the Lake County Court of Common Pleas. Appellant's daughter, Nadia Kheirkhah ("Nadia"), was adjudicated a neglected child.
 {¶ 2} The trial court had appointed appellee, Cynthia Sasse ("Sasse"), to be the guardian ad litem. In 2002, Sasse filed the instant complaint against appellant, alleging that Nadia was a neglected child. In addition to filing the complaint, Sasse presented all of the evidence against appellant at the trial court level. The Lake County Department of Job and Family Services did not actively participate in the lower court proceedings and has not filed an appellate brief.
 {¶ 3} After the parties filed their appellate briefs, this court became concerned about the implications of R.C. 2151.281 on this matter. This court issued a judgment entry permitting the parties to file supplemental briefs on the issue.
 {¶ 4} Appellant raises five assignments of error:
 {¶ 5} "[1.] The trial court erred when it denied the appellant's motion for a directed verdict/dismissal.
 {¶ 6} "[2.] The trial court erred in holding that appellant had `neglected' her daughter in the absence of any evidence that the appellant had willfully failed to attend family therapy.
 {¶ 7} "[3.] The trial court erred when it ruled that the appellant had neglected her child by failing to attend family therapy in the absence of any evidence that family therapy had any beneficial effect upon the child's condition.
 {¶ 8} "[4.] A finding of neglect against a parent involving some mental condition of the child requires expert testimony to establish a [causal] link between the parent[']s conduct and the child's condition.
 {¶ 9} "[5.] The trial court erred in ruling that the appellant neglected her child by failing to provide supervision."
 {¶ 10} Prior to addressing appellant's assignments of error, we will address the implications of R.C. 2151.281, which reads, in part:
 {¶ 11} "(B)(1) The court shall appoint a guardian ad litem to protect the interest of a child in any proceeding concerning an alleged abused or neglected child and in any proceeding held pursuant to section 2151.414 of the Revised Code. The guardian ad litem so appointed shall not be the attorney responsible forpresenting the evidence alleging that the child is an abused or neglected child and shall not be an employee of any party in the proceeding." (Emphasis added.)
 {¶ 12} In the case sub judice, Sasse was the attorney who presented all of the evidence alleging that Nadia was a neglected child.
 {¶ 13} Of important note is the legislature's choice to use the wording "shall not." "[T]he word `shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that [it] receive a construction other than [its] ordinary usage."[1] Here the language of the statute indicates that the guardian ad litem "shall not" be the attorney responsible for presenting evidence. This is a mandatory directive from the general assembly.
 {¶ 14} There is a legitimate policy reason for this prohibition. A guardian ad litem's role is to investigate the ward's situation and ask the court to do what the guardian believes is in the ward's best interest.[2] The duty to investigate a situation concerning an alleged abused, neglected, or dependant child falls on the children services agency.[3] Presumably, the general assembly determined that one individual could not serve both the role of guardian ad litem and the role as advocate for the state, without creating a conflict of interest. We agree.
 {¶ 15} The general assembly was clear in its directive that the guardian ad litem "shall not be the attorney responsible for presenting evidence alleging that a child is an abused or neglected child." Yet, this is exactly what happened in this case.
 {¶ 16} Since all of appellant's assigned errors concern matters that occurred at the hearing in which the guardian ad litem was presenting evidence, these assigned errors are moot.
 {¶ 17} This holding does not affect the validity of the complaint. While R.C. 2151.281 prohibits a guardian ad litem from presenting evidence alleging that a child is abused or neglected, we are aware of no prohibition against a guardian ad litem filing a complaint alleging that a child is neglected. Rather, R.C.2151.27 provides that "any person" having knowledge of a child who appears to be abused, neglected, or dependant may file a complaint in the juvenile court. A guardian ad litem would qualify as "any person." However, after the complaint is filed, the guardian ad litem is required to step aside. Thereafter, the duty falls on the children services agency to investigate the situation and, if necessary, prosecute the complaint.
 {¶ 18} The judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion.
Grendell and Rice, JJ., concur.
[1] Dorrian v. Scioto Conserv. Dist. (1971),27 Ohio St.2d 102, paragraph one of the syllabus.
[2] In re Stacey S. (1999), 136 Ohio App.3d 503, 514.
[3] See R.C. 5153.16(A)(1).