CONCURS SAYING:
 {¶ 8} While I agree with the result reached by the majority, I write separately to express disagreement with the trial court's reasoning and to further explain a finding of harmless error.
 {¶ 9} The trial court determined that Oak Park Management Company ("Oak Park") was entitled to evict its tenant. However, the judgment entry only *Page 6 
authorized Oak Park to "remove and store the [tenant's] mobile home." The trial court reasoned that "in order to take a tenant's property rights to the mobile home away pursuant to R.C. 1923.[09](B), service must comply with the Civil Rules."[1] The trial court determined that the service provisions of R.C. 1923.06 are not sufficient to deprive a person of property rights and that in order to seek a forfeiture of a tenant's mobile home a park operator must instead serve the tenant with notice pursuant to the Ohio Rules of Civil Procedure.
 {¶ 10} The trial court erred in ordering Oak Park to effectuate service in compliance with the Civil Rules in order to seek a forfeiture of the defendant's mobile home. The Civil Rules specify that, "[t]hese rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (3) in forcible entry and detainer[.]" Civ.R. 1(C). The various subsections of R.C. 1923 explicitly provide the procedures a landlord must follow to effectuate service upon a tenant in forcible entry and detainer actions. See R.C.1923.06 through R.C. 1923.12. R.C. 1923, et seq. expressly sets forth the methods by which a landlord must effectuate service in the context of: (1) the initial three day notice to the tenant (R.C. 1923.04); (2) the formal complaint seeking a judgment of eviction *Page 7 
(R.C. 1923.06); and (3) any writ of execution the landlord seeks to authorize forfeiture of the tenant's property, including the removal, sale, destruction, or ownership transfer of that property (R.C.1923.12). Despite the specific notice provisions contained in R.C. 1923, et seq., however, the trial court sua sponte determined that these provisions only apply when a landlord seeks to evict a tenant. The trial court essentially raised a due process argument on behalf of the tenant by holding that Oak Park cannot institute forfeiture proceedings against an evicted tenant through R.C. 1923, et seq. because those notice provisions do not adequately advise the tenant of the risk that he might lose property. The statutory framework of R.C. 1923, et seq., demonstrates why the trial court erred in making this determination.
 {¶ 11} R.C. 1923.09(B) provides as follows:
 "If a judgment is entered under this section in favor of a plaintiff who is a park operator, the judge shall include in the judgment entry authority for the plaintiff to permit, in accordance with [R.C] 1923.12[,] * * * 1923.13[B][,] and * * * 1923.14[B] * * *, the removal from the manufactured home park and potential sale, destruction, or transfer of ownership of the defendant's manufactured home, mobile home, or recreational vehicle." (Emphasis added.)
R.C. 1923.12, R.C. 1923.13(B), and R.C. 1923.14(B) (collectively "R.C.1923.09(B) remedies") set forth additional actions that a park operator must take if he wishes to dispose of any abandoned or unoccupied property that the evicted tenant has left on the premises. See R.C.1923.12 (permitting park owner to remove, sell, destruct, or transfer ownership of evicted tenant's mobile home upon *Page 8 
the completion of certain actions). To avail himself of the R.C.1923.09(B) remedies, a park operator must first serve a written notice upon the tenant, owner of the property, and any other individual with a right, title, or interest in the property; give those individuals fourteen days to respond; and seek a writ of execution in the trial court that certifies that he has complied with these additional requirements. R.C. 1923.12(A)-(C). A park operator may serve the written notice upon these individuals by either personal delivery or ordinary mail sent to the individuals' last known address. R.C. 1923.12(A).
 {¶ 2} Neither R.C. 1923.09(B), nor the R.C. 1923.09(B) remedies, refer to the Civil Rules. Rather, the provisions of R.C. 1923, et seq., internally provide separate criteria for the service of process. These procedures vary from the general procedures for service set forth in the Civil Rules. See Civ.R. 4 through Civ.R. 6. Consequently, the Civil Rules regarding service of process do not apply to forcible entry and detainer actions. See Civ.R. 1(C) (specifying that the Civil Rules will not apply in instances where they would be "clearly inapplicable");Amherst Village Management v. Vestal (Oct. 27, 2000), 6th Dist. No. WD-99-075, at *4-6 (holding that the specific service provisions of R.C. 1923 apply to forcible entry and detainer actions rather than the Civil Rules). The trial court incorrectly held that Oak Park must comply with the service provisions set forth in the Civil Rules before it can "take a tenant's property rights" pursuant to R.C. 1923.09(B). *Page 9 
 {¶ 13} In spite of the trial court's error, Oak Park has not suffered any prejudice that would require this Court to remand the matter to the trial court for inclusion of the language of R.C. 1923.09(B) in its final order. Oak Park may, in my opinion, independently initiate the R.C. 1923.09(B) remedies without first obtaining a corrected journal entry that directly references them. Oak Park argues, and I agree, that the trial court had no authority to limit Oak Park's remedy to removal and storage of the mobile home. First, the record does not demonstrate any challenge to the R.C. 1923.09(B) remedies in the trial court. The defendant-tenant never answered Oak Park's complaint and failed to appear at the magistrate's hearing. Without the defendant-tenant raising a constitutional challenge to the notice procedures set forth in R.C. 1923, et seq., the trial court had no cause to sua sponte raise such a due process argument on the defendant-tenant's behalf.
 {¶ 14} Second, the trial court's action impermissibly alters the statutory scheme for eviction proceedings involving mobile homes.[2]
Although R.C. 1923.09(B) provides that the trial court shall include in its journal entry authority for the park operator to employ the R.C.1923.09(B) remedies, there is no evidence that the Legislature intended that language to be mandatory for the *Page 10 
purpose of conferring jurisdiction upon the park operator. "In statutory construction, the word * * * `shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that [it] receive a construction other than [its] ordinary usage." Dorrian v. Scioto Conservancy Dist. (1971), 27 Ohio St.2d 102, paragraph one of the syllabus. From the framework of R.C. 1923, et seq., I would conclude that the Legislature intended for trial courts to include all of the language from R.C. 1923.09(B) for the purpose of: (1) notifying the park operator and tenant/owner that R.C. 1923.09(B) remedies are available to the park operator, and (2) notifying the park operator that he need only look to the provisions of R.C. 1923, et seq., for relief and not to other places such as the Civil Rules. In short, I would conclude that the Legislature's use in R.C. 1923.09(B) of the word "shall" is advisory only and serves to emphasize that 1923.09(B) procedures are independently available to park operators. To conclude otherwise would be to enable a trial court to arbitrarily repeal the R.C. 1923.09(B) remedies. It would be manifestly inconsistent with legislative intent if a trial court could preclude resort to the 1923.09(B) remedies by refusing to give its imprimatur of the statutory language.
 {¶ 15} Although the trial court erred in failing to follow the unambiguous language of R.C. 1923.09(B) and include the R.C. 1923.09(B) remedies in Oak Park's judgment entry, the error was harmless. In my opinion, a park operator may always employ the R.C. 1923.09(B) remedies, notwithstanding the trial *Page 11 
court's error in omitting the remedies in its journal entry. As the majority found the trial court's error to be harmless, I concur in the Court's judgment.
[1] As the dissent points out, this was a bench trial pursuant to R.C.1923.09, not a jury trial pursuant to R.C. 1923.11. Yet, both the complaint and the trial court's order reference R.C. 1923.11. Since both statutes contain identical subsections (Subsection (B)), this concurrence substitutes and refers to the correct numerical designation wherever the trial court or Oak Park mistakenly refer to R.C.1923.11.
[2] The statutory scheme for regular rental property and for mobile homes is essentially the same and provides for simplified and expedited mechanisms to restore premises to the landlord and to authorize disposition of abandoned personal property.