Lundberg Stratton, J.,
dissenting.
{¶ 20} Because I believe that the 25 percent penalty set forth in R.C. 4115.10(A) is discretionary in an employee-initiated action to enforce the prevailing-wage law and that the employee is not entitled to recover the 75 percent penalty that is intended for the director of commerce, I respectfully dissent.
{¶ 21} The plaintiffs filed this action to recover unpaid prevailing wages from their employer, Don Salyers Masonry, Inc. (“Salyers”), for work performed on a public-improvement project at Miami University. Salyers was a subcontractor hired by Monarch Construction Company, the general contractor. Both Monarch and Miami University were also named defendants. The case arose after the Ohio Department of Commerce conducted an investigation into whether Salyers had paid its employees the prevailing-wage rate on the project. The department eventually determined that Salyers had violated Ohio’s prevailing-wage law. On December 12, 2005, the department notified Salyers and Monarch of the deficiencies. This was the first that Monarch knew of the investigation that had begun months earlier.
{¶ 22} The trial court dismissed Miami University per Civ.R. 12(B)(6) and issued a default judgment against Salyers. Following a bench trial, the court ordered Monarch to pay the plaintiffs the back wages, less an amount for fringe benefits already paid. However, the trial court refused to award the penalties under R.C. 4115.10(A), on the basis that they were discretionary and not warranted in the case. The court explained its reasoning: “[T]he testimony at trial and the evidence before this Court indicates [sic] that Salyers repeatedly assured Monarch that [it] was paying the prevailing wage to its employees. In addition, Monarch reviewed Salyers’ payroll records, and confirmed the correct prevailing wage rate with Miami University. Finally, once Monarch learned of the investigation and determination against Salyers, it cooperated with the [department], and took all steps necessary to ensure the [department] had all the correct documentation.”
*541 {¶ 23} The court of appeals affirmed. The appellate court relied on the plain language of R.C. 4115.10(A), which states that “the employees ‘may recover’ a penalty equal to 25 percent of wages owed,” and applying well-established rules of statutory construction, the appellate court construed “may recover” as being permissive or discretionary. 2009-Ohio-551, 2009 WL 295396, ¶ 74. Thus, the appellate court held that the trial court had discretion to deny the penalty.
{¶ 24} I agree that the plain language of the statute and the General Assembly’s repeated use of both “may” and “shall” throughout the prevailing-wage statutes supports the appellate court’s interpretation. The sentence at issue in R.C. 4115.10(A) provides that an employee who is paid less than the applicable fixed rate of wages on the project “may recover * * * the difference between the fixed rate of wages and the amount paid to the employee and in addition thereto a sum equal to twenty-five per cent of that difference.” (Emphasis added.) Later in that section, in discussing remedies, R.C. 4115.10(A) also states that the employee “may file ” to recover. The majority rejects the appellate court’s plain reading of the statute in favor of an interpretation that “may recover” “pertains to the choice the underpaid employee has to enforce his right to recover the underpayment.” However, there is nothing in the statute that connects the verb “may recover” to the employee’s choices of how to collect unpaid wages.
{¶ 25} I agree that an employee does have a choice either to file suit to recover for a prevailing-wage violation, R.C. 4115.10(A), or to assign the claim to the Department of Commerce to file, R.C. 4115.10(B). The employer also may do nothing, in which case the department may bring legal action to collect the wages. R.C. 4115.10(C). However, there is no language in the statute that supports the majority’s interpretation that “may recover” pertains only to the employee’s choice of methods to recover wages, which is addressed later in the statute.
{¶ 26} We have long held that “[i]n statutory construction, the word ‘may’ shall be construed as permissive and the word ‘shall’ shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage.” Dorrian v. Scioto Conservancy Dist. (1971), 27 Ohio St.2d 102, 56 O.O.2d 58, 271 N.E.2d 834, paragraph one of the syllabus; R.C. 1.42. The General Assembly’s use of the word “may” before the word “recover” indicates that recovery is discretionary. Also, “may recover” must be read in the context of the entire sentence, which pertains to what the employee may recover, not how to recover.
{¶ 27} Furthermore, the General Assembly has used both “may” and “shall” throughout the prevailing-wage statutory scheme. For example, R.C. 4115.10(B) provides that an employee may file a complaint with the director and that the director shall take an assignment of a claim for the assigning employee. R.C. 4115.16(D) provides that a court shall award attorney fees and costs to the *542 prevailing party when there is a violation but may award costs and fees to the prevailing party if the court finds that there was no violation and that the action was unreasonable or lacked foundation. I believe that the General Assembly clearly intended that these terms be given their ordinary meaning. Thus, I believe it is contrary to the plain language of the statute that the employee’s recovery of a 25 percent penalty is mandatory.
Cosme, D’Angelo & Szollosi Co., L.P.A., and Joseph M. D’Angelo, for appellants.
Taft, Stettinius & Hollister, L.L.P., Gregory Parker Rogers, and Matthew R. Byrne, for appellee.
{¶ 28} In addition, I do not believe that the plaintiff in an employee-initiated action is entitled to recover the 75 percent penalty that is paid to the director once there has been a final determination of a prevailing-wage underpayment. R.C. 4115.10(A) provides that the person or entity that fails to pay the prevailing wage “shall pay a penalty to the director.” (Emphasis added.) “The director shall bring any legal action necessary to collect any amounts owed to the employees and the director.” R.C. 4115.10(C). The statute, however, has no similar provision authorizing the employee to pursue and recover the amounts owed to the employee and the penalty that is payable to the director. And as a practical matter, if the employee is entitled to recover the 75 percent, is it paid to the plaintiff/employee, who then becomes responsible for giving it to the director, or must it be paid directly to the nonparty director? For these reasons, I do not believe that the employee is the real party in interest and entitled to pursue the penalty that is payable to the director.
{¶ 29} In conclusion, when Monarch questioned whether Salyers was complying with prevailing-wage laws, the general contractor was assured by both Miami University and Salyers that it was. Months later, when Monarch learned of the department’s determination, it obtained wage and fringe-benefit information from Salyers’s files for the department. Monarch cooperated with the department in settlement negotiations involving employees who chose not to file suit. I believe that these efforts demonstrate why the General Assembly intended for the penalty against the employer to be discretionary.
{¶ 30} Consequently, I respectfully dissent and would affirm the judgment of the court of appeals.
O’Donnell, J., concurs in the foregoing opinion.
*543 Benesch, Friedlander, Copian & Aranoff, L.L.P., N. Victor Goodman, and Mark D. Tucker, urging reversal for amicus curiae, Ohio State Building & Construction Trades Council.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Alexandra T. Schimmer, Chief Deputy Solicitor General, and Susan M. Sullivan, Dan E. Belville, and Lindsay M. Sestile, Assistant Attorneys General, urging reversal for amicus curiae state of Ohio.
Ross, Brittain & Schonberg Co., L.P.A., Alan G. Ross, and Nick A. Nykulak, urging affirmance for amici curiae ABC of Ohio, Inc., and Northern Ohio Chapter of Associated Builders & Contractors, Inc.
Schottenstein, Zox & Dunn and Roger L. Sabo, urging affirmance for amici curiae Associated General Contractors of Ohio and Allied Construction Industries.