O’Connor, C.J.,
dissenting.
{¶ 26} The majority employs two different standards to interpret two adjacent, parallel sentences in the same statutory section. Because this approach is not supported by well-settled principles of statutory construction, I respectfully dissent.
{¶ 27} The majority properly starts with the statute’s text but then veers off course in interpreting the following two sentences in R.C. 4141.282(D):
The commission shall provide on its final decision the names and addresses of all interested parties. The appellant shall name all interested parties as appellees in the notice of appeal.
{¶ 28} The majority concludes that the first sentence above constitutes a procedural requirement with which the Unemployment Compensation Review Commission must strictly comply in order to start Marcus Pryor’s 30-day appeal period. Leaving aside the fact that there is no language in R.C. 4141.282(D) regarding the initiation of an appeal period, the plain and ordinary meaning of the phrase “[t]he commission shall provide” (emphasis added) establishes the *9 mandatory nature of the requirement. Here, the commission named all interested parties — Pryor, the United States Department of the Army, and the Ohio Department of Job and Family Services (“ODJFS”) — with their addresses in its final decision. Its sole deficiency, according to the majority, was not labeling each an “interested party.”
{¶ 29} But the majority rejects both a plain-language reading and strict-compliance approach to interpret nearly identical language in the very next sentence of the statute when determining Pryor’s obligations. The majority concludes that the phrase “[t]he appellant shall name all interested parties” (emphasis added) is not a mandatory requirement, thereby rendering that part of the statute meaningless. In fact, the majority concludes that Pryor’s only requirement to perfect an appeal was to timely file a notice of appeal under R.C. 4141.282(C) regardless of what information was included, or not included, in that notice of appeal.
{¶ 30} Such a selective reading of the statute is not supported by the case law on which the majority relies. See Hughes v. Ohio Dept. of Commerce, 114 Ohio St.3d 47, 2007-Ohio-2877, 868 N.E.2d 246, ¶ 17 (“Just as we require an agency to strictly comply with the requirements of R.C. 119.09, a party adversely affected by an agency decision must likewise strictly comply with R.C. 119.12 in order to perfect an appeal. As the proverb states, what is good for the goose is good for the gander”).
{¶ 31} Nor is the majority’s reading of the statute supported by the principles of statutory construction. It is a tenet of statutory construction that we give effect to the words used and refrain from inserting or deleting words. Cleveland Elec. Illum. Co. v. Cleveland, 37 Ohio St.3d 50, 53-54, 524 N.E.2d 441 (1988). And we give the words their plain and ordinary meaning. The word “shall” has long been construed to make the provision in which it is contained mandatory. Dorrian v. Scioto Conservancy Dist., 27 Ohio St.2d 102, 271 N.E.2d 834 (1971), paragraph one of the syllabus. Thus, the General Assembly’s use of the word “shall” in R.C. 4141.282(D) to describe the requirements imposed upon both the commission and the appellant with respect to naming interested parties is mandatory in both contexts.
{¶ 32} The statute means what it says. And “shall” cannot be construed as having one meaning when applied to the commission and another when applied to Pryor. Here, R.C. 4141.282(D) required the commission to provide in the final decision the names and addresses of all interested parties, specifically, Pryor, ODJFS, and the United States Department of the Army. The commission did so. The statute also required Pryor to name all interested parties as appellees in the notice of appeal. By failing to name the Army as an appellee, Pryor did not *10 satisfy the statutory requirement. Thus, he did not comply with a mandatory requirement regarding the contents of his notice of appeal.
Marcus Pryor II, pro se.
Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Stephen P. Carney and Peter T. Reed, Deputy Solicitors, and Susan M. Sheffield, Assistant Attorney General, for appellant.
Charles Cohara, urging affirmance for amicus curiae Southeastern Ohio Legal Services.
Lori K. Elliott, urging affirmance for amicus curiae Legal Aid Society of Southwest Ohio.
Julie Cortes, urging affirmance for amicus curiae Legal Aid Society of Cleveland.
Janet E. Hales, urging affirmance for amicus curiae Ohio Poverty Law Center.
{¶ 33} It is troubling that the majority excuses this omission but then creates a mandatory requirement for the commission not found in the statute. Under the guise of “common sense,” the majority concludes that in order to start the 30-day appeal period, the written notice of final decision must include, in addition to the names and addresses of all interested parties as the statute expressly requires, a label identifying the parties named as “interested parties.” This requirement is not supported by the statutory language. And if common sense is the guide, it would seem that Pryor should have been aware that his former employer — the Army — would be an interested party to his unemployment-compensation appeal. And it makes little sense that anyone other than interested parties would be listed on the commission’s notice of final decision.
{¶ 34} It is unclear to me why the majority goes so far as to create an additional requirement for the initiation of the 30-day appeal period, particularly when Pryor did not argue for this additional requirement and the issue is not raised in the conflict question certified to us. If, as the majority holds, all that is required to perfect an appeal is the timely filing of a notice of appeal, regardless of what information that notice contains, then the administrative appeal should not have been dismissed by the trial court for lack of jurisdiction. The majority overreaches its limited role in statutory interpretation to reach its desired outcome.
{¶ 35} To require the commission to strictly comply with a requirement to start the 30-day appeal period that is not plainly expressed in the statute and at the same time hold that Pryor does not have to comply with an explicit requirement regarding the contents of the notice of appeal is inequitable and contravenes basic principles of statutory construction. Accordingly, I dissent.
*11 Kathleen C. McGarvey, urging affirmance for amicus curiae Legal Aid Society of Columbus.
Julita L. Varner, urging affirmance for amicus curiae Legal Aid of Western Ohio.
Michelle Wrona Fox, urging affirmance for amicus curiae Community Legal Aid Services, Inc.