[Cite as *Cobb v. New Franklin Police Dept. of Summit Cty.*, 2020-Ohio-844.]

| CINDEE COBB | Case No. 2019-00435PQ |
|---|---|
| Requester | Judge Patrick M. McGrath |
| v. | <u>DECISION AND ENTRY</u> |
| NEW FRANKLIN POLICE DEPARTMENT OF SUMMIT COUNTY | |
| Respondent | |

{¶1} Requester Cindee Cobb, a self-represented litigant, has filed objections and amended objections to a special master's report and recommendation.

## I. Background

{¶2} On April 2, 2019, pursuant to R.C. 2743.75(D), Cobb sued respondent New Franklin Police Department of Summit County (New Franklin PD), alleging a denial of access to public records. The court appointed a special master in the cause. The court, through the special master, referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, New Franklin PD, through counsel, moved to dismiss Cobb's complaint.

{¶3} On January 3, 2020, the special master issued a report and recommendation (R&R) wherein he recommended (1) denying the motion to dismiss and determining on the merits Cobb's claim for production of records other than an initial offense and incident report, (2) dismissing a claim for production of an initial offense report and incident report as moot, (3) finding that "the CLEIRs [confidential law enforcement investigatory records] specific investigatory work product exception applies to the responsive records beyond the initial incident report, in the hands of New Franklin PD," (4) finding that New Franklin PD "has not met its burden to prove that any other CLEIRs exception applies to the requested records," and (5) denying Cobb's remaining claims for production of records. (R&R, 3, 10.)

{¶4} According to the court's docket, Cobb received a copy of the R&R by certified mail on January 11, 2020.  Six business days later—on January 21, 2020—Cobb filed written objections and amended written objections to the R&R.  Cobb represents that she served a copy of her objections and amended objections on New Franklin PD's counsel by certified mail, return receipt requested.

{¶5} New Franklin PD has not filed a timely response to either Cobb's objections or amended objections.

## II. Law and Analysis

### 1. R.C. 2743.75(F)(2) governs objections to a special master's report and recommendation.

{¶6} R.C. 2743.75(F)(2) sets forth the standard for reviewing objections to a special master's report and recommendation issued under R.C. 2743.75.  Pursuant to R.C. 2743.75(F)(2),

> [e]ither party may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. Any objection to the report and recommendation shall be specific and state with particularity all grounds for the objection. * * *  If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation.

### 2. R.C. 2743.75(F)(2) does not permit a party to file amended objections to a report and recommendation.

{¶7} Cobb has timely filed objections and amended objections to the R&R and she has informed the court that she served her objections and amended objections on New Franklin PD's counsel, by certified mail, return receipt requested, as required by R.C. 2743.75(F)(2). Cobb thus has complied with certain procedural requirements contained in R.C. 2743.75(F)(2).

{¶8} R.C. 2743.75(F)(2) does not, however, expressly permit a party to file amended objections to a report and recommendation. In the interest of justice, the court will nevertheless consider Cobb's amended objections. Because Cobb has filed amended objections, Cobb's objections are moot. *See Black's Law Dictionary* 1161 (10th Ed.2014) (defining moot as "[h]aving no practical significance; hypothetical or academic").

### 3. Cobb's amended objections are not well taken.

{¶9} In the first amended objection, Cobb states: "Requester would formally object to the application of the specific investigatory work product exception to this case in light of the holding in [*State ex rel. Caster v. Columbus*, 151 Ohio St.3d 425, 2016-Ohio-8394, 89 N.E.3d 598], that that the work product exception 'does not extend beyond the completion of trial for which the information was gathered.' *Caster* at ¶ 47."

{¶10} In *Caster* at ¶ 47, the Ohio Supreme Court held that "the specific-investigatory-work-product exception of R.C. 149.43(A)(2)(c) does not extend beyond the completion of the trial for which the information was gathered." In the R&R, the special master cited to an attestation by New Franklin PD that an investigation has continued after a first suspect was charged, and that prosecution of a recently charged second has not concluded. (R&R, 7). The special master then found that New Franklin PD "has met its burden of proof in showing that the withheld records pertain to a law enforcement matter of a criminal nature that has not yet concluded, and that the law enforcement investigatory work product exception continues to apply all requested records other than the initial incident report." (Id.) The court does not find an error in

the special master's application of *Caster*'s holding at ¶ 47.   Cobb's first amended objection is not well-taken.

{¶11} In the second amended objection, Cobb states: "[I]n light of Respondent's inclinations to avoid disclosure of the requested documents, rather than dismiss this case outright, subject to refiling and re-litigation of the entire process, Requester would Object to dismissal of the case and would ask this Court to stay the proceeding until the charges against the of [sic] the co-defendant, if deemed applicable * * * have been resolved."   Under R.C. 2743.75(F)(2) this court does not have authority to stay a matter. Rather, pursuant to R.C. 2743.75(F)(2), within seven business days after a response to an objection is filed, this court "*shall* issue a final order that adopts, modifies, or rejects the report and recommendation."   (Emphasis added.)   *See Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 271 N.E.2d 834 (1971), paragraph one of the syllabus (in statutory construction, the word "'shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage").   Cobb's second amended objection is not well-taken.

## III. Conclusion

{¶12} For reasons set forth above, the court OVERRULES as moot Cobb's objections of January 21, 2020, OVERRULES Cobb's amended objections of January 21, 2020, and adopts the special master's R&R of January 3, 2020.   Judgment is rendered in favor of respondent.   Court costs are assessed against Cobb.   The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed February 12, 2020**
**Sent to S.C. Reporter 3/6/20**