[Cite as *Cobb v. Summit Cty. Prosecutor's Office*, 2020-Ohio-842.]

| | |
|---|---|
| CINDEE COBB | Case No. 2019-00597PQ |
| Requester | Judge Patrick M. McGrath |
| v. | <u>DECISION AND ENTRY</u> |
| OFFICE OF THE SUMMIT COUNTY PROSECUTOR | |
| Respondent | |

{¶1} Requester Cindee Cobb, a self-represented litigant, has filed objections to a special master's report and recommendation.

## I. Background

{¶2} On May 8, 2019, pursuant to R.C. 2743.75(D), Cobb sued respondent Office of the Summit County Prosecutor (Prosecutor), claiming a denial of access to public records. The court appointed a special master in the cause. The court, through the special master, referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the Prosecutor, through counsel, moved to dismiss Cobb's complaint.

{¶3} On January 21, 2020, Cobb filed objections and amended objections to a special master's report and recommendation (R&R). Because the special master had not yet issued a report and recommendation, the court denied as moot Cobb's objections and amended objections.

{¶4} On January 31, 2020, the special master issued a R&R wherein he recommended (1) denying the Prosecutor's motion to dismiss, (2) ordering the Prosecutor to provide Cobb with a copy of an initial incident and offense report, (3) denying Cobb's remaining claims for production of records, and (4) assessing court costs against Cobb. (R&R, 3, 13.)

{¶5} A review of the court's docket discloses that Cobb received a copy of the R&R by certified mail on February 4, 2020. Three business days later—on February 7,

2020—Cobb filed written objections to the R&R.  Cobb represents that she served a copy of her objections on the Prosecutor's counsel by certified mail, return receipt requested.

{¶6} The Prosecutor has not filed a timely response to Cobb's written objections.

## II. Law and Analysis

### A. R.C. 2743.75(F)(2) governs objections to a special master's report and recommendation.

{¶7} R.C. 2743.75(F)(2) sets forth the standard for reviewing objections to a special master's report and recommendation issued under R.C. 2743.75.  Pursuant to R.C. 2743.75(F)(2),

> [e]ither party may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. Any objection to the report and recommendation shall be specific and state with particularity all grounds for the objection. * * *  If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation.

### B. Cobb presents two objections for the court to consider.

{¶8} Cobb presents two objections for the court's consideration.

1. First objection—Application of *State ex rel Caster v. Columbus*, 151 Ohio St.3d 425, 2016-Ohio-8394, 89 N.E.3d 598, ¶ 47.

{¶9} In the first objection, Cobb states: "Requester would formally object to the application of the specific investigatory work product exception to this case in light of the

holding in [*State ex rel. Caster v. Columbus*, 151 Ohio St.3d 425, 2016-Ohio-8394, 89 N.E.3d 598], that that the work product exception 'does not extend beyond the completion of trial for which the information was gathered.' *Caster* at ¶ 47."

{¶10} In *Caster* at ¶ 47, the Ohio Supreme Court held that "the specific-investigatory-work-product exception of R.C. 149.43(A)(2)(c) does not extend beyond the completion of the trial for which the information was gathered." In the R&R the special master discussed *Caster*. (R&R, 7-8.) The special master stated:

> Cobb apparently argues that "the trial" was deliberately used in *Caster* as a singular term, meaning that investigatory work product gathered in connection with multiple suspects to an offense loses its exempt status upon the trial of the first suspect. Cobb admits she has found no case authority for this proposition * * * nor is there any reason to believe that the legislature or the Supreme Court intend such a result in the context of criminal investigations where the same information may be gathered to support more than one suspect's trial. In that context, and applying the rules of grammar and common usage, I find that the phrase "*the completion of the trial for which the information was gathered*" can only mean the completion of *every* trial for which the information was gathered. The CLEIRs [confidential law enforcement investigatory records] investigatory work product exception thus applies to information gathered in connection with any probable or pending criminal trial that has not yet concluded.

(Footnote omitted and emphasis sic.) (R&R, 8.)

{¶11} The court does not find an error in the special master's application of *Caster*'s holding at ¶ 47. Cobb's first objection is not well-taken.

   2. <u>Second objection</u>—Objection to "dismissal" of case.

{¶12} In the second objection, Cobb states: "[I]n light of Respondent's inclinations to avoid disclosure of the requested documents, rather than dismiss this case outright, subject to refiling and re-litigation of the entire process, Requester would Object to dismissal of the case and would ask this Court to stay the proceeding until the charges against the of [sic] the co-defendant, if deemed applicable * * * have been resolved." Under R.C. 2743.75(F)(2) this court does not have authority to stay a matter. *See* R.C. 2743.75(F)(2). Rather, pursuant to R.C. 2743.75(F)(2), within seven business days after a response to an objection is filed, this court "shall issue a final order that adopts, modifies, or rejects the report and recommendation." *See Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 271 N.E.2d 834 (1971), paragraph one of the syllabus (in statutory construction, the word "'shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that it receive a construction other than its ordinary usage). Cobb's second objection is not well-taken.

## III. Conclusion

{¶13} Having concluded that Cobb's objections of February 7, 2020, are not well-taken, the court OVERRULES Cobb's objections. The court adopts the special master's R&R of January 31, 2020. Judgment is rendered in part in favor of Cobb and rendered in part in favor of the Prosecutor. The court ORDERS the Prosecutor to forthwith permit Cobb to inspect or receive copies of the initial incident report and offense report in accordance with Cobb's request. Court costs are assessed against Cobb. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed February 26, 2020**
**Sent to S.C. Reporter 3/6/20**