OPINION
{¶ 1} David Wilkinson appeals from his conviction and sentence on two counts of Public Indecency, following a guilty plea. Wilkinson contends that the trial court erred in denying his motion to withdraw his guilty plea, because his plea was not made knowingly and intelligently. We conclude that the trial court did not err in denying Wilkinson's motion to withdraw his guilty plea, because it is not a manifest injustice for a trial court or a defendant's attorney to fail to inform a defendant of every possible collateral consequence of pleading guilty to a charge.
 {¶ 2} Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} In May, 2000, David Wilkinson was charged with three counts of Public Indecency, a misdemeanor of the fourth degree under R.C. 2907.09. In July, 2000, Wilkinson pled guilty to two counts of Public Indecency, and one count of Public Indecency was dismissed. The trial court sentenced Wilkinson to thirty days in jail on each count, but suspended the sentences upon the condition of his successful completion of probation. Wilkinson was also convicted of Aggravated Menacing.
 {¶ 4} A week before Wilkinson pled guilty, he took an examination to obtain a nursing license. Wilkinson did obtain his nursing license, but later learned that his convictions would have a negative impact on his nursing license. In March, 2003, Wilkinson filed a motion to withdraw his guilty plea, alleging that his plea was not knowingly and intelligently made. Wilkinson alleged that neither the trial court nor his attorney informed him that his conviction for Aggravated Menacing would preclude him from any future employment at any facility providing care to older adults or to persons with mental retardation or developmental disabilities or that his plea to a charge involving moral turpitude could jeopardize his nursing license. Wilkinson alleged that had he known that his plea could result in these consequences, he would not have pled guilty. After a hearing, the trial court denied Wilkinson's motion to withdraw his plea, stating that it did not know "of any obligation on the Court to inform him of any effect on his license." From his conviction and sentence, Wilkinson appeals.
 II {¶ 5} Wilkinson's sole assignment of error is as follows:
 {¶ 6} "A plea must be vacated when it was not given knowingly, intelligently and voluntarily[.]"
 {¶ 7} Wilkinson contends that the trial court erred in denying his motion to withdraw his guilty plea, because his plea was not made knowingly and intelligently. Wilkinson contends that neither the trial court nor his attorney informed him that his conviction for Aggravated Menacing would preclude him from any future employment at any facility that provides care to older adults or persons with mental retardation or developmental disabilities, or that his plea to a charge involving moral turpitude could jeopardize his nursing license. Wilkinson contends that had he known that his plea could have these consequences, he would not have pled guilty.
 {¶ 8} Wilkinson argues that his plea is void if it is not made in substantial compliance with Crim. R. 11(C). Crim. R. 11(C) applies to guilty pleas in felony cases. This case is not a felony case, and therefore, Crim. R. 11(C) is not applicable. This case is a petty offense case. Crim. R. 11(E) applies to misdemeanor cases involving petty offenses. A petty offense is "a misdemeanor other than [a] serious offense." Crim. R. 2(D). A serious offense is "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim. R. 2(C). Public Indecency is a misdemeanor of the fourth degree. R.C. 2907.09. No more than thirty days of imprisonment shall be imposed for a misdemeanor of the fourth degree. R.C. 2929.21(B)(4). Therefore, this case is a petty offense case, because it involves a misdemeanor other than a serious offense. Crim. R. 11(E) is applicable to this petty offense case.
 {¶ 9} Crim. R. 11(E) provides that "[i]n misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." However, neither a trial court nor a defendant's attorney need inform the defendant of every possible effect of pleading guilty to a charge. Crim. R. 32.1 provides that "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." It is undisputed that neither the trial court nor Wilkinson's attorney was aware that Wilkinson was seeking a nursing license. It is not a manifest injustice for a trial court or a defendant's attorney to fail to inform a defendant of every possible collateral consequence of pleading guilty to a charge.
 {¶ 10} We conclude that the trial court did not err in denying Wilkinson's motion to withdraw his guilty plea, where neither the trial court nor Wilkinson's attorney was aware of Wilkinson's pursuit of a nursing license at the time of Wilkinson's guilty plea.
 {¶ 11} Wilkinson's sole assignment of error is overruled.
 III {¶ 12} Wilkinson's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
Wolff and Young, JJ., concur.