[Cite as *State v. Smith*, 2011-Ohio-3206.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-00335 |
| CORY J. SMITH | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Massillon
                             Municipal Court, Case No. 2007CRB104

JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      June 27, 2011


APPEARANCES:


For Plaintiff-Appellee            For Defendant-Appellant

PERICLES G. STERGIOS              RUSSELL BUZZELLI
LAW DIRECTOR                      Box 84
BY: LAURA DARROW                  Wadsworth, OH  44282
One Duncan Plaza
Massillon, OH 44646

*Gwin, P.J.*

{¶1}   Appellant Corey J. Smith appeals the November 10, 2010 decision from the Massillon Municipal Court which denied his post-sentence motion to withdraw his no contest plea.  The appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE[1]

{¶2}   On January 26, 2007 appellant was arrested on a warrant issued January 12, 2007 charging him with one count of Assault in violation of R.C. 2903.13.

{¶3}   Appellant appeared in the Massillon Municipal Court, entered a plea of Not Guilty to the charge at his arraignment and his case was set for a pre-trial conference. On March 6, 2007 he changed his plea to No Contest, was found Guilty and was sentenced by the trial court. A Notice of Appeal of his conviction was not filed at that time. On September 26, 2007 retained Counsel for appellant filed a motion for termination of probation, which was granted by the trial court.

{¶4}   On September 3, 2010 appellant filed a motion to withdraw his plea after sentencing, pursuant to Criminal Rule 32.1, with a memorandum in support and requested a hearing on his motion. The trial court did hold a hearing on the motion on October 20, 2010 and subsequently denied his motion on November 10, 2010.

{¶5}   It is from the trial court's November 10, 2010 denial of appellant's motion to withdraw his plea that appellant has timely appealed raising as his sole assignment of error:

{¶6}   "I. WHETHER OR NOT THE TRIAL COURT, ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S MOTION TO WITHDRAW HIS PLEA, GIVEN THE

---

[1] The Court Reporter's affidavit filed with the Court provides no recording, by any means of the appellant's arraignment, pretrial, plea hearing, or sentencing which took place in 2007 is available.

SEVERAL MANIFEST INJUSTICES VISITED UPON APPELLANT IN THE TRIAL COURT BELOW. "

I.

**{¶7}** In his sole assignment of error appellant maintains that the trial court erred in refusing to allow appellant to withdraw his no contest plea. Specifically, appellant contends that he was denied his constitutional and statutory rights when he originally entered his plea in 2007. In particular he maintains that he was not afforded his constitutional right to counsel. He further urges that he was not properly advised of the effect of his plea as provided in Criminal Rule 11.

**{¶8}** **A. Waiver**.

**{¶9}** In the case at bar, appellant was arraigned on January 26, 2007. At that time a pre-trial conference was set for February 13, 2007. On February 13, 2007, the court continued the pre-trial conference at the appellant's request to March 6, 2007. The court's entry advised the appellant to contact the Public Defender's Office on that day if he needed an attorney. Appellant changed his plea on March 6, 2007. Appellant neither appealed the trial court's finding of guilt upon the acceptance of his no contest plea, nor did appellant file a motion to withdraw his plea. Rather, on September 27, 2007 appellant, through retained counsel, filed a motion for termination of probation, which was granted.

**{¶10}** In appellant's motion to withdraw his plea filed in the trial court September 3, 2010, appellant argued, "this post-sentence request is premised upon the potential relief that the Defendant cannot avail himself of as ORC section 2953.36 is currently written. Specifically, that statute allows for expungement of misdemeanor assaults of

the first degree, but prevents the expungement of the same offense if a prior offense has been committed…" (Defendant's Motion to Withdraw Plea, filed September 3, 2010 at 3).

{¶11} Appellant's motion did not allege that he was denied his right to appointed counsel, or that he did not waive his right to appointment of counsel.[2] Appellant's motion further failed to allege that the trial court did not implement the mandatory rigors of Criminal Rule 19 or that the trial court failed to conduct a proper Crim. R. 11 colloquy before accepting his plea.

{¶12} "The general rule is that 'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.' *State v. Childs* ( 1968), 14 Ohio St. 2d 56 [ 43 O.O. 2d 119], 236 N.E. 2d 545, paragraph three of the syllabus; *State v. Glaros* (1960), 170 Ohio St. 471 [11 O.O.2d 215], 166 N.E.2d 379, paragraph one of the syllabus; *State v. Lancaster* (1971), 25 Ohio St.2d 83 [54 O.O.2d 222], 267 N.E.2d 291, paragraph one of the syllabus; *State v. Williams* (1977), 51 Ohio St.2d 112, 117 [5 O.O.3d 98], 364 N.E.2d 1364. Likewise, '[c]onstitutional rights may be lost as finally as any others by a failure to assert them at the proper time.' *State v. Childs,* supra, 14 Ohio St. 2d at 62 [43 O.O. 2d 119], 236 N.E. 2d 545, citing *State v. Davis* (1964), 1 Ohio St.2d 28 [30 O.O.2d 16], 203 N.E.2d 357; *State, ex rel. Specht, v. Bd. of Edn.* (1981), 66 Ohio St.2d 178, 182 [20 O.O.3d 191], 420 N.E.2d 1004, citing *Clarington v. Althar* (1930), 122 Ohio St. 608, 174 N.E. 251, and *Toledo v. Gfell* (1958), 107 Ohio App. 93,

---

[2] The failure to appoint counsel may in some instances rise to the level of structural error. See *State v. Wamsley,* 117 Ohio St.3d 388, 391-392, 884 N.E.2d 45, 48-49, 2008-Ohio-1195 at ¶ 16. Accordingly, we will address this portion of appellant's claim *infra*.

95 [7 O.O.2d 437], 156 N.E.2d 752. [Footnote omitted.] See also, *State v. Chandler*, 157 Ohio App.3d 72, 813 N.E.2d 65, 2004-Ohio-3436 at ¶ 72; *State v. Hughett*, Delaware App. No. 04 CAA 06051, 2004-Ohio-6207 at ¶58.

{¶13} As the United States Supreme Court recently observed in *Puckett v. United States* (2009), 129 S.Ct. 1423, 1428, 173 L.Ed.2d 266, "If an error is not properly preserved, appellate-court authority to remedy the error (by reversing the judgment, for example, or ordering a new trial) is strictly circumscribed. There is good reason for this; 'anyone familiar with the work of courts understands that errors are a constant in the trial process, that most do not much matter, and that a reflexive inclination by appellate courts to reverse because of unpreserved error would be fatal.'" (Citation omitted).

{¶14} "[A]n appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus* (May 24, 2010), 560 U.S. __, 130 S.Ct. 2159, 2010 WL 2025203 at 4. (Internal quotation marks and citations omitted).

{¶15} The defendant bears the burden of demonstrating that a plain error affected his substantial rights. *United States v. Olano* (1993), 507 U.S. at 725,734, 113 S.Ct. 1770; *State v. Perry* (2004), 101 Ohio St.3d 118, 120 802 N.E.2d 643, 646. Even if the defendant satisfies this burden, an appellate court has discretion to disregard the

error. *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240; *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus; *Perry*, supra, at 118, 802 N.E.2d at 646.

{¶16} The Supreme Court has repeatedly admonished that this exception to the general rule is to be invoked reluctantly. "Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus. See, also, *State v. Thompson* (1987), 33 Ohio St.3d 1, 10, 528 N.E.2d 542; *State v. Williford* (1990), 49 Ohio St.3d 247, 253, 551 N.E.2d 1279 (Resnick, J., dissenting). Appellant has not raised the issue of plain error in his assignment of error.

{¶17} In the case at bar, the only issue raised in his written motion and at the hearing on appellant's motion to withdraw the plea that he had entered three years previously was whether or not appellant was denied a right to have counsel appointed. Accordingly, because appellant did not raise the other claims he now asserts on appeal in his motion, the state was not placed on notice that it would be required to present evidence on any other issue at the hearing. Appellant has therefore waived those issues on appeal. *See, State v. Peagler,* 76 Ohio St.3d 496, 499, 668 N.E.2d 489, 493, 1996-Ohio-73.

{¶18} **B. Standard of Review – Withdrawal of No Contest Plea.**

{¶19} Crim. R. 32.1 governs the withdrawal of a guilty or no contest plea and states: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

In the case at bar, because appellant's request was made post-sentence, the standard by which the motion was to be considered was "to correct manifest injustice."

**{¶20}** The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus). In *Smith,* supra, the Ohio Supreme Court, *citing United States v. Semel* (C.A.4, 1965), 347 F.2d 228, addressed the concept of "manifest injustice," stating that "[t]his term [manifest injustice] has been variously defined, but it is clear that under such standard, a post-sentence withdrawal motion is allowable only in extraordinary cases." Id*.* at 264.

**{¶21}** Furthermore, "[b]efore sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. * * *" *State v. Peterseim* (1980), 68 Ohio App.2d 211, 213, 428 N.E.2d 863, quoting *Kadwell v. United States* (C.A.9, 1963), 315 F.2d 667.

**{¶22}** Importantly, "an undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *State v. Bush*, 96 Ohio St.3d 235, 773 N.E.2d 522 2002-Ohio-3393 at ¶14. (Quoting *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraph three of the syllabus); See also *State v. Copeland-Jackson*, Ashland App.No. 02COA018, 2003-Ohio-1043 ([t]he length of passage of time between the entry of a

plea and a defendant's filing of a Crim.R. 32.1 motion is a valid factor in determining whether a "manifest injustice" has occurred.

**{¶23}** A reviewing court will not disturb a trial court's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. *State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

**{¶24} C. Effect of Plea of No Contest.**

**{¶25}** Appellant contends that he may have thought the trial court could find him not guilty upon his plea of no contest. (T. at 16).

**{¶26}** The Rules of Criminal Procedure provide that a plea of no contest is not an admission of the defendant's guilt; instead, it is an admission of the truth of the facts alleged in the indictment. Further, in *State ex rel. Stern v. Mascio* (1996), 75 Ohio St.3d 422, 424, 662 N.E.2d 370, the Court held that "[t]he procedure specified in Crim.R. 11(C) does not envision an affirmative-defense hearing or mini-trial." Thus, the *Mascio* court concluded, "[a]lthough the trial court retains discretion to consider a defendant's contention that the admitted facts do not constitute the charged offense, the defendant who pleads no contest waives the right to present additional affirmative factual allegations to prove that he is not guilty of the charged offense." Id.

**{¶27}** The Ohio Supreme Court has further held that "[w]here an indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged

offense. *State v. Bird* ( 1998), 81 Ohio St. 3d 582, 584, 692 N.E. 2d 1013. (Citing *State ex rel. Stern v. Mascio* (1996), 75 Ohio St.3d 422, 425, 662 N.E.2d 370, 373).

**{¶28}** In the case at bar, the state only had to allege sufficient facts to charge the violations contained in the complaint. See *Mascio,* 75 Ohio St.3d at 425, 662 N.E.2d at 373; *State v. Bird,* 81 Ohio St. 3d at 584, 692 N.E. 2d at 1015. In *State v. Bird,* supra, the appellant argued that the indictment was insufficient to charge him with the offense of felonious assault with a deadly weapon because it failed to establish the existence of essential elements of the crime, *i.e.,* that saliva is a deadly weapon, and that appellant knowingly caused or attempted to cause the officer physical harm. The charge stemmed from an incident where appellant, who is infected with the human immunodeficiency virus ("HIV"), spat in a police officer's face.

**{¶29}** The appellant in *Bird,* like the appellant in the case at bar, entered a plea of no contest to the charge. The Ohio Supreme Court found that by pleading no contest to the indictment, the appellant was foreclosed from challenging the factual merits of the underlying charge. The Court noted, "[i]t is unnecessary to decide whether the human immunodeficiency virus may be communicated through saliva and whether saliva may be considered a deadly weapon. By pleading no contest, appellant admitted the truth of the allegations in the indictment." 81 Ohio St.3d 585, 692 N.E.2d at 1016.

**{¶30}** In the case at bar appellant was charged with assault contrary to Massillon City Ordinance 537.03(A). (Complaint, filed January 12, 2007). Specifically, the Complaint alleged that appellant

**{¶31}** "(A) did knowingly cause or attempt to cause physical harm to Larry Fisk, Jr. or Larry Fisk Jr.'s unborn.

**{¶32}** "* * *

**{¶33}** "To-Wit: The defendant did cause or attempt to cause physical harm to Larry Fisk, Jr., by kicking the victim in the chest knocking him into a car then to the ground. The defendant then kicked the victim while he was laying on the ground." (Complaint, filed January 12, 2007).

**{¶34}** The indictment language mirrors the statutory language. Thus, it is sufficient to charge the offenses. Crim.R. 7(B). *State v. Bird*, supra 81 Ohio St.3d at 585, 692 N.E.2d at 1016. The complaint contained all the necessary elements and contained sufficient allegations to state the aforementioned misdemeanor assault offense.

**{¶35}** Being an admission of the truth of the facts on which the charges against him are based, a no contest plea forecloses a defendant's right to challenge the truth of those facts in a subsequent appeal from his resulting conviction and sentence. *State v. Bird* supra; *State v. Evans,* Montgomery App. No. 21669, 2007-Ohio-6587 at ¶ 10. By pleading no contest and foregoing a trial appellant lost his opportunity to raise at trial that he did not knowingly cause or attempt to cause physical harm to Larry Fisk, Jr.

**{¶36}** In the case at bar, appellant signed a negotiated plea agreement in the form of the "State Sentencing Recommendation/Order" prior to entering his plea. Further, we note that appellant did retain counsel less than seven months after the trial court found him guilty.  Appellant offers no explanation for waiting nearly three years to challenge his conviction on the ground that he believe he could be found not guilty on his plea of no contest.

{¶37} We find nothing in the record to suggest that any failure of the trial court to inform appellant about the effect of his no contest plea prejudiced him.

{¶38} Accordingly, appellant has failed to establish a manifest injustice warranting the withdrawal of his guilty plea. *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324.

**{¶39} D. Right to Appointed Counsel.**

{¶40} Appellant concedes that he was advised of his right to counsel in 2007. (T. at 6-7). Appellant further concedes that he did in fact meet with a representative from the Stark County Public Defender's Office before his pre-trial conference. (Id.) Appellant has not argued that the *trial court* was required to advise him prior to accepting his plea of any collateral consequences that may flow as a result of being found guilty, such as a denial of employment in certain fields, or appellant's inability to expunge his conviction. (T. at 3-4; 18-19; 20; 21-22)[3]. There is nothing in the record to indicate when appellant decided to pursue a nursing degree. The college transcripts admitted as Defendant's Exhibit A at the hearing on appellant's motion to withdraw his plea indicate that he returned to school in 2009. Accordingly the issue before us is not whether the trial court advised appellant of his right to counsel, but rather, whether appellant was denied a right to have counsel appointed to represent him.

{¶41} In the landmark decision of *Gideon v. Wainwright* (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, the United States Supreme Court held an indigent defendant

---

[3] The trial court is not required to inform a defendant of every possible collateral consequence of pleading no contest to a charge. Cf. *State v. Wilkinson,* Montgomery App. No. 20365, 2005-Ohio-314, ¶ 9. Crim.R. 11(B)(2) does not impose a duty on the court to inform a criminal defendant of the effect of a no contest plea beyond the notification requirements specifically enumerated in the rule. *State v. Garr,* Butler CA2009-01-014, 2009-Ohio-6241 at ¶26; *State v. Goddard,* Wyandot App. No. 16-06-05, 2007-Ohio-1229 at ¶13; The accused is not generally required to be informed of those "collateral consequences" which result from his conviction, such as the right to vote, loss of passport, business license, and driver's license. Katz, Giannelli, Criminal Law, Section 43.11.

was entitled to court appointed counsel. Subsequently, the High Court narrowed this Right, holding "the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the state has afforded him the right to assistance of appointed counsel in his defense." *Scott v. Illinois* (1979), 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed. 2d 383. *Accord, Nichols v. United States* (1994), 511 U.S. 738, 743 114 S.Ct. 1921, 1926; *State v. Brandon* (1989), 45 Ohio St.3d 85, 86, 543 N.E.2d 501, 503. ("This is not to say that counsel is required in all instances. Indeed, in *Scott,* supra*,* the court essentially held that unconcealed misdemeanor convictions are constitutionally valid if the offender is not actually incarcerated.").

**{¶42}** In *Scott*, the court stated that "actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment * * * and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel. * * * 440 U.S. at 373-374, 99 S.Ct. 1161-1162. In *Nichols*, supra the court recognized that there is a distinction concerning the right to have counsel appointed noting, "In felony cases, in contrast to misdemeanor charges, the Constitution requires that an indigent defendant be offered appointed counsel unless that right is intelligently and competently waived. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)." 511 U.S. at 743, n. 9. Ohio likewise has recognized such a distinction.

**{¶43}** Crim.R. 2(C) defines "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months," while Crim.R. 2(D) defines "petty offense" as "a misdemeanor other

than a serious offense." In the case at bar, the charge against appellant was a "petty" offense.

**{¶44}** The scope of the application of the right to counsel is recognized in Crim.R. 44, which sets forth the basic procedure for the assignment of counsel in Ohio criminal cases.

**{¶45}** Crim.R. 44 states:

**{¶46}** "(B) Counsel in petty offenses

**{¶47}** "Where a defendant *charged with a petty offense* is unable to obtain counsel, the court *may* assign counsel to represent him. When a defendant charged *with a petty offense* is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel." (Emphasis added)

**{¶48}** The word "shall" is usually interpreted to make the provision in which it is contained mandatory. *Dorrian v. Scioto Conservancy District* (1971), 27 Ohio St. 2d 102, 107, 271 N.E. 2d 834. In contrast, the use of the word "may" is generally construed to make the provision in which it is contained optional, permissive, or discretionary. Id. The words "shall" and "may" when used in statutes are not automatically interchangeable or synonymous. Id*.* To give the "may" as used in a statute a meaning different from that given in its ordinary usage, it must clearly appear that the Legislature intended that it be so construed from a review of the statute itself. Id. at 107– 108, 271 N.E. 2d 834. *In re: McClanahan,* Tuscarawas App. No.2004AP010004, 2004–Ohio– 4113 at ¶ 17.

**{¶49}** Pursuant to that rule, the trial court has discretion whether to appoint counsel where a defendant is charged with a petty offense. However, the trial court could impose a term of imprisonment for a petty offense under only two circumstances: (1) appellant was actually represented by counsel during his change of plea; or (2) he decided to represent himself and properly waived his right to counsel.

**{¶50}** Our review of the trial court record indicates that the "State's Sentencing Recommendation/Order" adopted by the magistrate upon appellant's plea of no contest contained no term of actual imprisonment. The court in fact did not sentence appellant to any term of actual imprisonment. This entry was signed by appellant, the prosecuting attorney and the magistrate on March 6, 2007.

**{¶51}** Thus, no cognizable violation of the Sixth Amendment right to appointed counsel occurred in the case at bar because, as the Supreme Court of Ohio has held, "uncounseled misdemeanor convictions are constitutionally valid if the offender is not actually incarcerated. *State v. Brandon* (1989), 45 Ohio St.3d 85, 86, 543 N.E.2d 501. (Citing *Scott v. Illinois* (1979), 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383).

**{¶52}** Appellant's argument that counsel would have advised him that an assault conviction could affect his future employment is purely speculative. "Neither a trial court nor a defendant's attorney need inform the defendant of every possible effect of pleading guilty to a charge. Crim.R. 32.1 provides that 'to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.' It is undisputed that neither the trial court nor Wilkinson's attorney was aware that Wilkinson was seeking a nursing license. It is not a manifest injustice for a trial court or a defendant's attorney to fail to inform a defendant of every

possible collateral consequence of pleading guilty to a charge." *State v. Wilkinson,* Montgomery App. No. 20365, 2005-Ohio-314, ¶ 9. Crim.R. 19 which governs the authority of magistrates in criminal proceedings follows the same line of demarcation. See, Crim R, 19(C)(1)(c)(ii).

**{¶53}** We find appellant has failed to establish a manifest injustice warranting the withdrawal of his guilty plea. *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324.

**{¶54}** Appellant's sole assignment of error is overruled in its entirety.

**{¶55}** For the foregoing reasons, the judgment of the Massillon Municipal Court, Stark County, Ohio, is affirmed.

By Gwin, P.J.,

Wise, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY

WSG:clw 0614

[Cite as *State v. Smith*, 2011-Ohio-3206.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CORY J. SMITH | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010-CA-00335 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Massillon Municipal Court, Stark County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY