[Cite as *State v. Grigsby*, 2013-Ohio-2300.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 13-CA-11 |
| ZACHARIAH GRIGSBY | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Licking County
                             Municipal Court, Case No. 12CRB2306

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      June 3, 2013

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

MICHAEL KING                           PHILIP L. PROCTOR
Assistant Law Director                 Box 4803
40 West Main Street, 4th Floor         Newark, OH 43058
Newark, OH 43055

*Gwin, P.J.*

{¶1}   Defendant-appellant Zachariah Grigsby ["Grigsby"] appeals his conviction and sentence after a bench trial in the Licking County Municipal Court on one count of receiving stolen property a misdemeanor of the first degree.

*Facts and Procedural History*

{¶2}   On October 13, 2013, Grigsby and an individual known only as "Brad," were at the home of the victim, Harry Weger negotiating a deal to exchange Weger's non-operational cell phone for Grigsby's cell phone.

{¶3}   Weger contended that he made clear to Grigsby and Brad that his phone was on the glass table. Weger testified that he had not agreed to trade at that time because Grigsby did not have a telephone to trade. Weger did not see either individual take the phone; however, about 10-15 minutes after they left Weger noticed the phone had been taken. Grigsby had previously indicated he intended to sell the phone at Best Buy. Accordingly, Weger called Best Buy as well as T-Mobile and reported the theft of his phone. A customer service representative of Best Buy, Hailee Grove, took down the serial number. He had also called "Brad," who denied any knowledge of the phone. Attempts to reach Grigsby and his girlfriend were unsuccessful.

{¶4}   When Grigsby entered Best Buy, Ms. Grove relayed the information to James Horton, who works in the cell-phone department. Mr. Horton, who knew Grigsby from prior dealings, proceeded to stall while the police were called. Sergeant Chad Hunt of the Heath Police Department responded to the call. He recovered the phone and, after processing it as evidence, returned the phone to Weger.

{¶5} Grigsby testified that he had taken the phone, but did give Weger the phone he had promised.

{¶6} On October 24, 2012, the state filed a criminal complaint against Grigsby for receiving stolen property in violation of R.C. 2913.51, a misdemeanor of the first degree. On December 13, 2012, Grigsby requested a continuance to submit an application for a court appointed attorney. Grigsby stated that he had sent an application to the court, but because the court had not received it, he wanted a continuance to submit another application. On December 14, 2012, the motion for continuance was granted. In that Order, the court stated that no more continuances would be granted to obtain counsel. Trial was set for January 8, 2013.

{¶7} On January 7, 2013, Grigsby filed a second request for a court appointed attorney. He also submitted another pro se continuance request wherein he stated that he had sent in a request for appointed counsel on January 2, 2013 but the court did not receive it. The trial court denied Grigsby's requests.

{¶8} On January 8, 2013, counsel appeared at the courthouse upon request to be there by Grigsby and suggestion of the court.[1] However, the court denied Grigsby's request for court appointed counsel. Grigsby then retained the attorney privately in the hallway a few minutes before the trial was to begin. Counsel requested a continuance both orally on the record and by submitting a written request for continuance. The trial court denied counsel's requests.

{¶9} After the state rested their case in chief, Grigsby moved for a directed verdict pursuant to Criminal Rule 29. He argued that because he was charged with receiving stolen property, as opposed to theft, there was insufficient evidence to sustain

---

[1] Counsel is the same counsel who represents Grigsby on this appeal.

a conviction. The trial court denied the motion. Grigsby then requested a break to make a phone call to get a witness to the courthouse who would support his position that the property was not stolen. That motion was also denied. At the conclusion of the case, Grigsby again argued, in his summation, that there was no proof of the charge of receiving stolen property.

{¶10} On January 8, 2013, the court filed a Judgment Entry of Conviction finding Grigsby guilty of receiving stolen property and sentenced him to ninety days in the Licking County Jail.

{¶11} On January 25, 2013, Grigsby filed a motion to review the previous order and that counsel be allowed to be appointed counsel. By Judgment Entry filed January 29, 2013, the motion was denied. On February 6, 2013, Grigsby filed a Motion to Supplement the Record and attached a copy of the proposed court appointed attorney fees showing that the fees, if granted, would have been $212.00. By Judgment Entry dated February 25, 2013, the motion to supplement the record was granted.

*Assignments of Error*

{¶12} Grigsby raises three assignments of error,

{¶13} "I. BECAUSE APPELLANT'S REASONABLE REQUEST FOR A CONTINUANCE TO PREPARE FOR TRIAL AND TO CALL WITNESSES WAS DENIED, APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHTS TO A FAIR TRIAL, A TRIAL BY JURY, TO CALL WITNESSES ON HIS OWN BEHALF, AND OTHER SUCH RIGHTS.

**{¶14}** "II. BECAUSE APPELLANT WAS CHARGED WITH RECEIVING STOLEN PROPERTY AND NOT THEFT, THE STATE FAILED TO PROVE ITS CASE BEYOND A REASONABLE DOUBT.

**{¶15}** "III. THE TRIAL COURT ERRED WHEN IT DENIED THE INDIGENT APPELLANT APPOINTED COUNSEL."

I.

**{¶16}** In his first assignment of error, Grigsby argues that the trial court abused its discretion when it denied his attorney's request for a continuance made the morning of trial.[2]

**{¶17}** The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. This right "guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." *Caplin & Drysdale, Chartered v. United States,* 491 U.S. 617, 624-25, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989). "A criminal defendant who desires and is financially able to retain his own counsel 'should be afforded a fair opportunity to secure counsel of his own choice.'" *Ibid.* (quoting *Powell v. Alabama,* 287 U.S. 45, 53, 53 S.Ct. 55, 77 L.Ed. 158 (1932)).

**{¶18}** In *Ungar v. Sarafite*, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964), the Court considered the matter under a due process analysis. It said:

> The matter of continuance is traditionally within the discretion of the
>
> trial judge, and it is not every denial of a request for more time that

---

[2] Grigsby is not alleging in the Assignment of Error the trial court erred in denying his previous requests for a continuance.

violates due process even if the party fails to offer evidence.... Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality.... There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied...." (Emphasis added)

Id. at 589, 84 S.Ct. at 849.

**{¶19}** In addition, the Supreme Court in *United States v. Gonzalez–Lopez,* 548 U.S. 140, 150, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006) explicitly upheld its previous holding in *Morris v. Slappy,* 461 U.S. 1, 11–12, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983), where the Court "recognized a trial court's wide latitude in balancing the right to counsel of choice ... against the demands of its calendar." *Gonzalez–Lopez,* 548 U.S. at 152. The trial court's difficult responsibility of assembling witnesses, lawyers and jurors for trial "counsels against continuances except for compelling reasons." *Morris,* 461 U.S. at 11.

**{¶20}** On November 7, 2012, the court scheduled the trial date for December 14, 2012. On December 13, 2012, Grigsby asked for a continuance contending that he had mailed his request for appointed counsel form to the court on December 3, 2012, but it did not arrive. The court granted that continuance with the caveat that no further continuances to obtain counsel would be granted. Trial was scheduled for January 8, 2013. On January 7, 2013, Grigsby again asked the court for a continuance. Grigsby

claimed that he "turned in" his request for appointed counsel form on January 2, 2013, but it never showed up. The trial court denied Grigsby's request.

**{¶21}** Grigsby offered no explanation concerning his efforts to obtain counsel or contact the trial court to obtain appointed counsel between December 13, 2011 and January 7, 2013. Grigsby had acknowledged in writing that he had been advised of where to obtain the forms needed to request counsel and for the need to do so expeditiously. Grigsby was further advised that applications for appointed counsel made on the day of trial are not looked upon favorably by the court. (Your Rights in Court, filed November 13, 2012 at 4 "COURT APPOINTED ATTORNEY").

**{¶22}** In the landmark decision of *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799(1963), the United States Supreme Court held an indigent defendant was entitled to court appointed counsel. Subsequently, the High Court narrowed this Right, holding "the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the state has afforded him the right to assistance of appointed counsel in his defense." *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed. 2d 383(1979). *Accord, Nichols v. United States*, 511 U.S. 738, 743 114 S.Ct. 1921, 1926(1994); *State v. Brandon*, 45 Ohio St.3d 85, 86, 543 N.E.2d 501, 503(1989). ("This is not to say that counsel is required in all instances. Indeed, in *Scott, supra,* the court essentially held that unconcealed misdemeanor convictions are constitutionally valid if the offender is not actually incarcerated.").

**{¶23}** Crim.R. 44 states:

(B) Counsel in petty offenses

Where a defendant *charged with a petty offense* is unable to obtain

counsel, the court *may* assign counsel to represent him. When a

defendant charged *with a petty offense* is unable to obtain counsel, no

sentence of confinement may be imposed upon him, unless after being

fully advised by the court, he knowingly, intelligently, and voluntarily

waives assignment of counsel." (Emphasis added)

**{¶24}** The word "shall" is usually interpreted to make the provision in which it is

contained mandatory. *Dorrian v. Scioto Conservancy District*, 27 Ohio St. 2d 102, 107,

271 N.E. 2d 834(1971). In contrast, the use of the word "may" is generally construed to

make the provision in which it is contained optional, permissive, or discretionary. *Id.* The

words "shall" and "may" when used in statutes are not automatically interchangeable or

synonymous. *Id.* To give the "may" as used in a statute a meaning different from that

given in its ordinary usage, it must clearly appear that the Legislature intended that it be

so construed from a review of the statute itself. *Id.* at 107– 108, 271 N.E. 2d 834. *In re:*

*McClanahan,* 5th Dist. No. 2004AP010004, 2004–Ohio–4113 at ¶ 17.

**{¶25}** Pursuant to Crim. R. 44(B) rule, the trial court has discretion whether to

appoint counsel where a defendant is charged with a petty offense. However, the trial

court could impose a term of imprisonment for a petty offense under only two

circumstances: (1) Grigsby was actually represented by counsel during his trial; or (2)

he decided to represent himself and properly waived his right to counsel.

**{¶26}** In the case at bar, we note that counsel admits that he was retained by

Grigsby. (Appellant's Brief at 1; 4; 11). Thus, this is not a case in which the trial court

forced the defendant to go to trial with an inadequately prepared attorney or no attorney

at all. Rather, in the case at bar Grigsby exercised his Sixth Amendment right by independently retaining attorney Procter.

*A. Right to Jury Trial.*

**{¶27}** Grigsby contends that he was denied his right to a jury trial because the trial court denied his request for a continuance.

**{¶28}** The Sixth Amendment to the Constitution of the United States guarantees a jury trial to defendants charged with "serious" offenses. Defendants charged with "petty" offenses are not constitutionally entitled to a jury trial. *Duncan v. Louisiana*, 391 U.S. 145, 159, 161, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). Generally, petty offenses are those with a maximum penalty of up to six months imprisonment and a $500.00 fine. *See Baldwin v. New York*, 399 U.S. 66, 71, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); *Duncan v. Louisiana*, 391 U.S. at 159, 88 S.Ct. 1444; *District of Columbia v. Clawans,* 300 U.S. 617, 626-628, 57 S.Ct. 660, 81 L.Ed. 843 (1937); Crim.R. 2(D). In misdemeanor cases, the state does not violate a defendant's constitutional rights when it conditions the right upon the filing of a written demand for a jury trial. *Mentor v. Giordano*, 9 Ohio St.2d 140, 224 N.E.2d 343(1967), at paragraph one of the syllabus.

**{¶29}** In *Cassidy v. Glossip*, the Supreme Court held,

> A rule of a Common Pleas Court, providing that a party shall request a jury not later than the third day prior to the date of the commencement of the trial or shall be deemed to have waived a jury trial, is a procedural rule that does not deny a party his right to a jury trial or otherwise conflict with Section 5 of Article I of the Ohio Constitution.

12 Ohio St.2d 17, 231 N.E.2d 64(1967), paragraph four of the syllabus.

**{¶30}** In the case at bar, Grigsby did not file a written demand for a jury trial. Grigsby acknowledged in writing that he was advised by the court that he must file a written demand for a jury trial no less than ten days before the date set for trial. See, Your Rights in Court, filed November 13, 2012. Grigsby initialed that he understood he must demand a jury trial in writing. (Id. at 4, "Not Guilty Plea, ¶2. Grigsby further signed acknowledging that he understood his rights.

**{¶31}** In the case at bar, Grigsby was represented by counsel. Counsel did not file a written jury demand or orally request a jury trial on the morning of trial. Nor did Grigsby or his counsel specify in his request for a continuance that he needed additional time to allow him to file a written jury demand.

**{¶32}** In these circumstances, the trial to the court without a jury was proper.

*B. Right to present a defense.*

**{¶33}** Grigsby next contends that the trial court refused to grant a continuance to allow him to call witnesses in his defense.

**{¶34}** Every criminal defendant has a constitutional right to present a meaningful defense. *Crane v. Kentucky*, 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636(1986). Ordinarily a reviewing court analyzes a denial of a continuance in terms of whether the court has abused its discretion. *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921(1964). If, however, the denial of a continuance is directly linked to the deprivation of a specific constitutional right, some courts analyze the denial in terms of whether there has been a denial of due process. *Bennett v. Scroggy*, 793 F.2d 772(6th Cir.1986). A defendant has an absolute right to prepare an adequate defense under the Sixth Amendment of the United States Constitution and a right to due process under the

Fifth and Fourteenth Amendments. *United States v. Crossley*, 224 F.3d 847, 854(6th Cir.2000). The United States Supreme Court has recognized that the right to offer the testimony of witnesses and compel their attendance is constitutionally protected. *Washington v. Texas*, 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019(1967). The Ohio Supreme Court recognized that the right to present a witness to establish a defense is a fundamental element of due process of law. *Lakewood v. Papadelis*, 32 Ohio St.3d 1, 4–5, 511 N.E.2d 1138(1987). A trial court's failure to grant a continuance to enable a defendant to exercise his constitutionally protected right to offer the testimony of witnesses and compel their attendance may, in some circumstances, constitute a denial of due process. *Mackey v. Dutton*, 217 F.3d 399, 408(6th Cir.2000); *Bennett v. Scroggy, supra*, 793 F.2d at 774. *See also, State v. Wheat*, 5th Dist. No. 2003-CA-00057, 2004–Ohio–2088, ¶16.

**{¶35}** Among the factors to be considered by the court in determining whether the continuance was properly denied are: (1) the length of the requested delay, (2) whether other continuances had been requested and granted, (3) the convenience or inconvenience to the parties, witnesses, counsel and court, (4) whether the delay was for legitimate reasons or whether it was "dilatory, purposeful or contrived", (5) whether the defendant contributed to the circumstances giving rise to the request, (6) whether denying the continuance will result in an identifiable prejudice to the defendant's case, and (7) the complexity of the case. *Powell v. Collins*, 332 F.3d 376, 396(6th Cir.2003); *State v. Unger*, 67 Ohio St.2d 65, 67–68, 423 N.E.2d 1078, 1080(1981); *State v. Wheat, supra* at ¶ 17.

**{¶36}** In *Wheat, supra*, the appellant argued that the trial court erred when it failed to continue his trial to secure witnesses he had subpoenaed. This court found no abuse of discretion because the request for a continuance did not demonstrate the amount of time necessary to secure the attendance of the witnesses, or the nature of their testimony. 2004–Ohio–2088 at ¶21. Citing *State v. Brooks*, 44 Ohio St.3d 185, 542 N.E.2d 636(1989), we held that because defense counsel failed to proffer what the desired testimony of the absent witnesses would have been and how it was relevant to the defense, we could not find prejudice from the denial of the motion to continue. Id. at ¶ 22–24, 542 N.E.2d 636.

**{¶37}** "When the reason for a continuance is to secure the attendance of a witness, 'it is incumbent upon the moving party to show that such witnesses would have given substantial favorable evidence and that they were available and willing to testify.'" *State v. Komadina*, 9th Dist. No. 02CA008104, 2003–Ohio–1800, ¶32, *quoting State v. Mills,* 5th Dist. No. 01–COA–01444, 2002–Ohio–5556. Because Grigsby's counsel did not make a timely proffer of any anticipated testimony, the trial court could not have known how or why said testimony was vital to Grigsby's defense when it denied the continuance. *State v. Snowden*, 49 Ohio App.2d 7, 17, 359 N.E.2d 87(1st Dist. 1976) (not an abuse of discretion to deny continuance due to absence of purportedly "critical defense witness" where no proffer made of witness' anticipated testimony at the time of decision). The trial court was not told the name of the "witnesses" that Grigsby wished to call, the nature of his or her testimony or the length of time it would take to produce any witness. (T. at 45). Grigsby did testify that he wanted Brad to testify, but "he [Brad] didn't want anything to do with it." (T. at 53).

{¶38} Given that the trial court was never specifically advised as to the name of the witnesses or the purported content of his or her testimony, we do not have anything by way of evidence by which to demonstrate that Grigsby was prejudiced by the failure to present testimony during his trial.

*C. Time to prepare.*

{¶39} Grigsby next argues that he was prejudiced by the trial court's refusal to grant his request for a continuance made the morning of trial because his attorney needed more time to prepare for trial.

{¶40} Grigsby created the circumstances giving rise to his need for a continuance by his repeated attempts to continue the case prior to trial and his failure to either retain counsel or submit the appropriate documents so that the court could determine whether he was entitled to appointed counsel. The evidence was uncomplicated, straightforward, and related to whether Grigsby traded his phone for Weger's. Grigsby has not claimed in his appeal that trial counsel was ineffective.

{¶41} The record further shows that Grigsby made his third motion to continue on the very date and time for trial. Thus, the other participants in the trial, including the trial court and the various witnesses, would have been inconvenienced by any continuance because they were already prepared to go forward. On November 7, 2011, Grigsby was aware he was charged with a first-degree misdemeanor and that he needed to request or retain counsel. Grigsby was dilatory in waiting to contact counsel until the morning of the trial.

{¶42} Grigsby has failed to demonstrated prejudice from the court's denial of his motion to continue, and the court did not abuse its discretion in overruling the motion.

{¶43} Accordingly, Grigsby's first assignment of error is overruled in its entirety.

II.

{¶44} In his second assignment of error, Grigsby contends that his conviction is against the sufficiency and the weight of the evidence.

{¶45} Our review of the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which requires a court of appeals to determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id.; see also *McDaniel v. Brown*, 558 U.S. 120, 130 S.Ct. 665, 673, 175 L.Ed.2d 582(2010) (reaffirming this standard); *State v. Fry*, 125 Ohio St.3d 163, 926 N.E.2d 1239, 2010–Ohio–1017, ¶ 146; *State v. Clay*, 187 Ohio App.3d 633, 933 N.E.2d 296, 2010–Ohio–2720, ¶ 68.

{¶46} Weight of the evidence addresses the evidence's effect of inducing belief. *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith,* 80 Ohio St.3d 89, 684 N.E.2d 668, 1997-Ohio–355. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but

depends on its effect in inducing belief." (Emphasis sic.) Id. at 387, 678 N.E.2d 541, quoting Black's Law Dictionary (6th Ed. 1990) at 1594.

**{¶47}** When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "'thirteenth juror'" and disagrees with the fact finder's resolution of the conflicting testimony. Id. at 387, 678 N.E.2d 541, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). However, an appellate court may not merely substitute its view for that of the jury, but must find that "'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, supra, 78 Ohio St.3d at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist. 1983). Accordingly, reversal on manifest weight grounds is reserved for "'the exceptional case in which the evidence weighs heavily against the conviction.'" Id.

> "[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *
>
> "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

**{¶48}** R.C. 2913.51 states, in part,

(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.

**{¶49}** Grigsby's reliance upon *State v. Kulig*, 37 Ohio St. 2d 157, 309 N.E.2d 897 is misplaced. In *Kulig*, the prior law was that "circumstantial evidence relied upon to prove an essential element of a crime must be irreconcilable with any reasonable theory of an accused's innocence in order to support a finding of guilt." This premise was overruled in 1991 when the Court stated that circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof. *State v. Jenks*, 61 Ohio St.3d 259, 274, 574 N.E.2d 492(1991) *superseded by State constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668(1997).

**{¶50}** In the case at bar, the owner of the phone, Weger, testified that he did not give either the Grigsby or "Brad" permission to take the phone. A short time later, Grigsby had the phone in question in his possession at Best Buy, attempting to obtain a gift card. Grigsby testified that he had swapped phones, and therefore he had permission to possess it.

**{¶51}** If the State relies on circumstantial evidence to prove an essential element of an offense, it is not necessary for "'such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction.'" *State v. Jenks*, 61 Ohio St. 3d 259, 272, 574 N.E.2d 492(1991) at paragraph one of the syllabus.

"'Circumstantial evidence and direct evidence inherently possess the same probative value [.]'" *Jenks,* 61 Ohio St .3d at paragraph one of the syllabus.

**{¶52}** Furthermore,

"[s]ince circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that i[t] weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt' *Jenks*, 61 Ohio St. 3d at 272, 574 N.E. 2d 492. While inferences cannot be based on inferences, a number of conclusions can result from the same set of facts. *State v. Lott* (1990), 1 Ohio St.3d 160, 168, 555 N.E.2d 293, citing *Hurt v. Charles J. Rogers Transp. Co.* (1955), 164 Ohio St. 329, 331, 130 N.E.2d 820. Moreover, a series of facts and circumstances can be employed by a jury as the basis for its ultimate conclusions in a case.

*Lott,* 51 Ohio St.3d at 168, 555 N.E.2d 293, citing *Hurt v. Charles J. Rogers Transp. Co.* (1955), 164 Ohio St. 329, 331, 130 N.E.2d 820(1955).

**{¶53}** Viewing the evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Grigsby committed the crime of receiving stolen property. We hold, therefore, that the state met its burden of production regarding each element of the crime of receiving stolen property and, accordingly, there was sufficient evidence to support Grigsby's conviction for receiving stolen property.

**{¶54}** As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. *Cross Truck v. Jeffries*, 5th Dist. No. CA–5758, 1982 WL 2911(Feb. 10, 1982). Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction*, 54 Ohio St.2d 279, 376 N.E.2d 578(1978). The Ohio Supreme Court has emphasized: "'[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *.'" *Eastley v. Volkman,* 132 Ohio St.3d 328, 334, 972 N.E. 2d 517, 2012-Ohio-2179, *quoting Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 603, at 191–192 (1978). Furthermore, it is well established that the trial court is in the best position to determine the credibility of witnesses. See, e.g., *In re Brown,* 9th Dist. No.  21004, 2002–Ohio–3405, ¶ 9, citing *State v. DeHass*, 10 Ohio St .2d 230, 227 N.E.2d 212(1967).

**{¶55}** We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541, *quoting State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist. 1983). The judge neither lost his way nor created a miscarriage of justice in convicting Grigsby of the charge.

**{¶56}** Based upon the foregoing and the entire record in this matter, we find Grigsby's conviction was not against the manifest weight of the evidence. To the contrary, the judge appears to have fairly and impartially decided the matters before it. The judge as a trier of fact can reach different conclusions concerning the credibility of the testimony of Grigsby and Weger. This court will not disturb the judge's finding so long as competent evidence was present to support it. *State v. Walker*, 55 Ohio St.2d 208, 378 N.E.2d 1049 (1978). The judge heard the witnesses, evaluated the evidence, and was convinced of Grigsby's guilt.

**{¶57}** Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of the crime beyond a reasonable doubt.

**{¶58}** Grigsby's second assignment of error is overruled.

III.

**{¶59}** In his third assignment of error, Grigsby argues he was denied his right to appointed counsel.

**{¶60}** In the case at bar, we note that counsel admits that he was retained by Grigsby. (Appellant's Brief at 1; 4; 11). Counsel further admits that he accepted payment from Grigsby. (Appellant' Brief at 4).

**{¶61}** The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. This right "guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." *Caplin & Drysdale,*

*Chartered v. United States,* 491 U.S. 617, 624-25, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989). "A criminal defendant who desires and is financially able to retain his own counsel 'should be afforded a fair opportunity to secure counsel of his own choice.'" *Ibid.* (quoting *Powell v. Alabama,* 287 U.S. 45, 53, 53 S.Ct. 55, 77 L.Ed. 158 (1932)).

**{¶62}** As counsel did accept representation of Grigsby, and was paid by Grigsby, we find that Grigsby's rights have not been abridged. The same counsel cannot be both "retained" and "appointed."

**{¶63}** Grigsby's third assignment of error is overruled.

**{¶64}** For the foregoing reasons, the judgment of the Licking County Municipal Court, Licking County, Ohio is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE

WSG:clw 0517

[Cite as *State v. Grigsby*, 2013-Ohio-2300.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                         :

          Plaintiff-Appellee       :

                              :

-vs-                                  :       JUDGMENT ENTRY

                              :

ZACHARIAH GRIGSBY                     :

                              :

          Defendant-Appellant      :       CASE NO. 13-CA-11

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court, Licking County, Ohio is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE