[Cite as *Sovereign Empire, L.L.C. v. Akron*, 2023-Ohio-201.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

SOVEREIGN EMPIRE, LLC

    Appellant

    v.

CITY OF AKRON

    Appellee

C.A. No.    30186

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2020-10-2848

DECISION AND JOURNAL ENTRY

Dated: January 25, 2023

TEODOSIO, Presiding Judge.

{¶1}  Sovereign Empire, LLC, ("Sovereign Empire") appeals the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of the City of Akron.  We affirm.

I.

{¶2}  Sovereign Empire is the owner of two properties in the City of Akron, one located on Manchester Road and the other on Lake Street.  The City of Akron provided water service to both properties and billed Sovereign Empire, as owner of the properties, for both accounts.  In July 2018, water service was discontinued at the Lake Street property at the request of Sovereign Empire, and billing statements were issued for the past due balance on the account.  In July 2019, the City of Akron transferred the unpaid balance to Sovereign Empire's Manchester Road account, which also held a past due balance.  The City of Akron notified Sovereign Empire that the past

due balance and fees would be certified to the Summit County Fiscal Officer to be added to the tax roll for the property.

{¶3} In August 2019, because of the City of Akron's action in transferring the Lake Street balance and combining it with the Manchester Road account, Sovereign Empire filed a claim with the City of Akron Claims Commission to dispute the Manchester Road account balance. In November 2019, Sovereign Empire filed a complaint against the City of Akron in the Summit County Court of Common Pleas, but voluntarily dismissed the complaint in September 2020. The filing of the complaint terminated the claims process with the City of Akron Claims Commission. Sovereign Empire refiled its complaint in October 2020, stating multiple claims based upon the allegation that the City of Akron was without authority to combine the two accounts and that in so doing, it violated stated policies and ordinances, as well as violating Sovereign Empire's due process rights.

{¶4} In November 2021, upon motion from the City of Akron, the trial court granted summary judgment in favor of the City. Sovereign Empire now appeals raising two assignments of error.

## II.

### ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE CITY WITHOUT THOROUGHLY EXAMINING ALL MATERIALS SOVEREIGN FILED IN SUPPORT.

{¶5} In its first assignment of error, Sovereign Empire argues the trial court erred because it did not thoroughly examine the materials Sovereign Empire filed in support of its opposition to summary judgment. We do not agree.

{¶6} Appellate review of an award of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358–359 (1992). A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor. *Perez v. Scripps–Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

{¶7} The Supreme Court of Ohio has set forth the nature of this burden-shifting paradigm:

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

{¶8} Sovereign Empire's contention that the trial court did not thoroughly review the affidavit and exhibits attached to its opposition brief is unsupported by the record. In its analysis, the trial court stated "the Affidavit of Andre Jackson, Sovereign's owner, contains mostly unsupported legal conclusions and opinions. * * * The court finds that Mr. Jackson's affidavit does not bring any material facts into dispute." Sovereign Empire does not point to any evidence contradicting this statement, presenting only conjecture that the trial court did not thoroughly review the affidavit and exhibits because the trial court's order failed to mention the 66 pages of exhibits attached to the affidavit. "[A]bsent an affirmative demonstration on the record that the trial court failed to review all of the summary judgment materials before it, an appellate court will presume that it did." *B.F. Goodrich Co. v. Commercial Union Ins.*, 9th Dist. Summit No. 20936, 2002-Ohio-5033, ¶ 42. Furthermore, Sovereign Empire has failed to demonstrate how it was prejudiced. *See* App.R. 16(A)(7); *State v. Mastice,* 9th Dist. Wayne No. 06CA0050, 2007–Ohio–4107, ¶ 7 ("An appellant has the burden of demonstrating error on appeal."). Based upon the record, this Court presumes that the trial court reviewed Sovereign Empire's brief and exhibits.

{¶9} Sovereign Empire's first assignment of error is therefore overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE CITY WHERE THE CITY ACTED IN VIOLATION OF CHAPTER III, SECTION 307, OF AKRON PUBLIC UTILITIES BUREAU RULES AND REGULATIONS BY COMBINING WATER BILLS FROM TWO DIFFERENT ACCOUNTS.

{¶10} In its second assignment of error, Sovereign Empire argues the trial court erred in granting summary judgment because it violated Chapter III, Section 307, of the Akron Public Utilities Bureau Rules and Regulations ("Section 307"). Specifically, Sovereign Empire contends that Section 307 provides that the City "*must* apply the debt to the taxes that acquired the debt"

and that "the certified amount or unpaid charges *must* be placed **against the property served by the connection**." (Italics added.) We do not agree.

**{¶11}** Section 307 provides as follows:

307. Collection Procedures for Delinquent Bills

Owners of property are responsible for water used on premises they own.

When water/sewer/trash collection charges are not paid when due, the Director of Public Service or designate may do either or both of the following:

(A) Certify them, together with any penalties, to the County Auditor, who shall place the certified amount on the real property tax list and duplicate against the property served by the connection if the County Auditor also receives from the Director or other official or body additional certification that the unpaid rents or charges have arisen pursuant to a service contract made with the owner of the property that is served by the connection. The amount placed on the tax list and duplicate shall be a lien from the date placed on the list and duplicate and shall be collected in the same manner as other taxes, except that, nothwithstanding Section 323.15 of the Ohio Revised Code, the County Treasurer shall accept partial payment for the full amount of such unpaid water rents or charges and associated penalties. The lien shall be released immediately upon payment in full of the certified amount. The County Treasurer shall place any amounts collected pursuant to certification under this division in the distinct fund established by Section 743.06 of the Ohio Revised Code. Unless the Director or designate determines that a transfer of the property is about to occur, the Director or designate may only make a certification under this rule if the rents or charges have been due and unpaid for at least sixty days and the Director or designate has provided the owner of the property with written notice of the impending certification. However, no certification may be made directly with the owner of the property served.

(B) Collect them by action at law, in the name of the City from an owner or any other person who is liable for these charges.

At any time before certification as provided above, the Director or designate shall accept any partial payment of unpaid water rents or charges in the amount of ten dollars ($10.00) or more. account [sic] shall be charged for the use of water from the recorded date of the turning-off of the service.

Any account subject to certification will be charged twenty-five dollars ($25.00) for additional collection efforts and handling.

{¶12} "In statutory construction, the word 'may' shall be construed as permissive * * * unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage." *Dorrian v. Scioto Conservancy Dist.,* 27 Ohio St.2d 102 (1971), paragraph one of the syllabus. "The statutory use of the word 'may' is generally construed to make the provision in which it is contained optional, permissive, or discretionary, at least where there is nothing in the language or in the sense or policy of the provision to require an unusual interpretation." (Citations omitted.) *Id.* at 107.

{¶13} Section 307 states that "[w]hen water/sewer/trash collection charges are not paid when due, the Director of Public Service or designate *may* do either or both of the following:" (A) place the certified amount due on the real property tax list; or (B) collect them by action of law. (Emphasis added.). Because there appears no intent that the word "may" should receive a construction other than its ordinary usage, the use of "may" is construed as permissive; there is nothing to suggest that the City must pursue the debt in either manner. We further note Sovereign Empire has failed to develop or preserve any other argument that would show the City did not have discretion to transfer the balance from one account to the other.

{¶14} Sovereign Empire's second assignment of error is overruled.

III.

{¶15} Sovereign Empire's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

7

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JAY E. KRASOVEC and BETSY L. B. HARTSCHUH, Attorneys at Law, for Appellant.

EVE V. BELFANCE, Director of Law, and JOHN CHRISTOPHER REECE and VONSHEAY V. BROWN, Assistant Directors of Law, for Appellee.